## HERBO–PHOSA COMPANY *vs.* PHILADELPHIA CASUALTY CO.

### NOVEMBER 25, 1912.

PRESENT:    Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1)  Liability Insurance.  Loss to Plaintiff.*

Plaintiff was insured in defendant liability company, the policy being one of indemnity containing the following provision:    "No action shall lie against the company, as respects any loss or expense under this policy unless it shall be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him after the trial of the issue."

After judgment had been recovered against plaintiff in a cause of action covered by the policy, the following steps were taken.

Plaintiff gave to the X Bank its note for the amount of the judgment debt, and received a cashier's check for the same amount, payable to it.    It then endorsed the check in blank and delivered it to the attorney for the

plaintiff in the execution, who received it in satisfaction of the execution. The attorney thereupon, with the consent of his client, deposited the check in the X Bank, and received a certificate of deposit for the same sum, which certificate was then pledged as collateral security for the payment of the note in accordance with an agreement previously made with the bank by said attorney to furnish security for the payment of the note. This note was renewed at its maturity by a similar note. Plaintiff paid the interest in advance on both notes, as well as the witness fees in cash, in the original action, and also gave its note for $300 to its president, who discounted it at a bank and paid the face of the note to plaintiff's attorney in settlement of his bill for services. Payment of the note was guaranteed the bank by said attorney. No agreement existed between any of the parties to these transactions, whereby the payment of the notes should be contingent upon any happening whatever or whereby in any contingency the plaintiff should receive any rebate or credit.

*Held*, that a payment by note instead of cash, if made in good faith, was sufficient, and amounted to a loss to the insured.

*Held*, further, that the notes constituted valid claims against the plaintiff, the agreed facts not disclosing any collusive features which could effect any modification of the liability of the indemnity company.

ACTION OF THE CASE in assumpsit. Heard on agreed statement of facts.

VINCENT, J. This is an action of the case in assumpsit against a liability insurance company to recover, under the terms of its policy, for a loss sustained by the plaintiff as defendant in an action at law, including costs and expenses.

Ann E. Congdon, administratrix upon the estate of her father, John E. Whipple, brought a suit against the Herbo-Phosa Company to recover damages for the death of said Whipple which, as alleged, was brought about by the negligence of said company, or its predecessor, the Modox Company. The Herbo-Phosa Company was insured against accident in the defendant casualty company. The casualty company having refused or failed to assume the defense of the Whipple suit, the same was defended by the Herbo-Phosa Company. The plaintiff in the Whipple suit recovered a judgment for the sum of $2,548.95 damages and costs. Later, the Herbo-Phosa Company, claiming that it had paid the amount of this judgment and costs and that it had been put to other and further expense

in the defense thereof, requested reimbursement from the defendant casualty company for the losses thus sustained, in accordance with the terms of the policy contract. The defendant casualty company refused to comply with this request of the plaintiff on the ground that the latter had not actually suffered any loss and that its pretended payment of the judgment and costs aforesaid was nothing more than a mere subterfuge designed, in collusion with other parties in interest, for the purpose of enabling the Herbo-Phosa Company to avoid the terms of the policy providing only for indemnity against actual loss, and therefore, that until there had been a *bona fide* payment of the amount of the said judgment and costs, the casualty company was under no obligation to pay anything to its insured.

The case comes before the court on certification of the Superior Court, under the provisions of Section 4, Chapter 298 of the General Laws, upon the following agreed statement of facts.

"1. That the defendant issued to the plaintiff the policy of insurance as set forth in the declaration.

"2. That the accident to John E. Whipple happened as set forth in the declaration and was covered by the policy.

"3. That Ann E. Congdon, administratrix of said John E. Whipple by Lewis A. Waterman, attorney, brought suit against the plaintiff in the case at bar on account of said accident as set forth in the declaration and recovered judgment therein against said plaintiff in the case at bar on the sixth day of May, 1911, as of April fourth, 1911, for the sum of Twenty-five Hundred ($2500) Dollars damages and Forty-eight Dollars and Ninety-five Cents ($48.95) costs; that execution upon said judgment was issued from the Superior Court on the ninth day of May, 1911, for the sum of Twenty-five Hundred and Forty-eight Dollars and Ninety-five Cents ($2,548.95) judgment and costs, together with Fifteen Dollars and Twenty-nine Cents ($15.29) interest thereon, amounting in the whole to Two Thousand Five

Hundred and Sixty-four Dollars and Twenty-four Cents ($2,564.24).

"4. That said execution was returned to the Superior Court on February seventeenth, 1912, with the following indorsement thereon:

"'Having received full payment and satisfaction of the within execution the same is hereby cancelled and discharged.

"'Providence, May 17, 1911.

"'WATERMAN, CURRAN & HUNT,

"'*Plaintiff's Attorneys.*'

"5. That on the seventeenth day of May, 1911, the Herbo-Phosa Company gave to the Westminster Bank of Providence, Rhode Island, the note of said Herbo-Phosa Company for Two Thousand Five Hundred and Sixty-four Dollars and Twenty-four Cents ($2,564.24), payable six (6) months after date, of which the following is a copy:

"$2564.24        PROVIDENCE, R. I., May 17, 1911.

"Six months after date, with interest at the rate of $5\frac{1}{2}$ per cent. per annum, for value received, we promise to pay to Westminster Bank, or order at said Bank, in the City of Providence, Twenty five hundred sixty-four 24-100 Dollars, having deposited herewith and pledged as COLLATERAL SECURITY for the payment hereof;—

Certif. of Deposit Westminster Bank

No. 814—

with authority to sell the same, or any part thereof, or any collaterals substituted for or added to the above, without notice, either at public or private sale or otherwise, at the option of the holder, on the non-performance of this promise, the said holder applying the net proceeds to the payment of this note and accounting to          for the surplus, if any; and it is hereby agreed that such surplus, or any excess of collaterals upon this note, shall be applicable to any other note or claim against          held by said holder, whether now due or to become due, or hereafter to be contracted. Should the market value of any security pledged

for this loan, in the judgment of the holder thereof, decline,. hereby agree to deposit on demand (which may be made by a notice in writing sent by mail or otherwise to          residence or place of business) additional collateral, so that the market value shall always be at least          per cent. more than the amount of this note; and failing to deposit such additional security, this note shall be deemed to be due and payable forthwith, anything herein expressed to the contrary notwithstanding, and the holder or holders hereof may immediately reimburse themselves by the sale of the security, or any part thereof; and it is hereby agreed that the holder or holders of this note, or any person in his or their behalf, may purchase at any such sale discharged from any right of redemption. Authority is hereby given, to use, transfer or hypothecate any of the collaterals hereby pledged at holder's option, said holder being required on tender of the amount loaned and interest, to return an equal quantity of said collateral and not the specific collateral hypothecated.

"HERBO–PHOSA CO.

"JAMES S. BARRY,

*Pres. & Mgr.*

"BYRON A. REMINGTON,

*Treas.*

" That thereupon the Herbo-Phosa Company received from the Westminster Bank a cashier's check of said bank for Two Thousand Five Hundred and Sixty-four Dollars and Twenty-four Cents ($2,564.24), payable to the Herbo-Phosa Company; that thereupon the Herbo-Phosa Company endorsed said check in blank and delivered same to Lewis. A. Waterman as attorney for said Ann E. Congdon, administratrix of John E. Whipple, and the same was received by said Lewis A. Waterman, as attorney as aforesaid, in full payment and satisfaction of the judgment and execution described in Paragraphs 3 and 4 above; that thereupon said Lewis A. Waterman, said Ann E. Congdon, administratrix assenting thereto, deposited said cashier's check in said

Westminster Bank and received from said bank a certificate of deposit in said bank for the same sum as the face value of said cashier's check, which certificate of deposit was immediately deposited with said note of the Herbo-Phosa Company in said Westminster Bank and pledged to said bank as collateral security for the payment of said note, in accordance with an agreement made by said Lewis A. Waterman with said bank before any part of the above described transaction with said bank was entered upon to furnish security for the payment of said note; that all the above described in this paragraph occurred at one and the same visit of the parties aforesaid at said Westminster Bank, on the 17th day of May, 1911.

"6.    That at the time of the transactions described in Paragraph 5 above, the financial condition of the Herbo-Phosa Company was not such as to enable it to meet immediately all its due financial obligations, that it did not have the money to pay said judgment and that its credit was not such as to enable it to borrow money without security.

"7.    That the Lewis A. Waterman last mentioned is the same person who is hereinbefore described as attorney for Ann E. Congdon, administratrix, in said case against the Herbo-Phosa Company, and is also one of the attorneys for the plaintiff in the case at bar.

"8.    That on May seventeenth, 1911, the Herbo-Phosa Company gave its check upon its account in the Industrial Trust Company, payable to the Westminster Bank for the sum of Seventy-two Dollars and Eight Cents ($72.08), which check was given and was received by the Westminster Bank as full payment of the interest on said note of Herbo-Phosa Company for Two Thousand Five Hundred and Sixty-four Dollars and Twenty-four Cents ($2,564.24), dated May seventeenth, 1911, up to the time of the maturity of said note and upon presentation said check was duly honored and paid.

"9.    That at the maturity of said note, the Herbo-Phosa Company gave to the Westminster Bank a renewal note, payable six (6) months after date for the same amount upon

the same security and containing in all other respects the same terms and conditions and upon the same terms and conditions as the said original note, and thereupon said original note was marked 'Paid' by said Westminster Bank and by it surrendered to said Herbo-Phosa Company.

"10.   That on November twenty-first, 1911, the Herbo-Phosa Company gave its check upon its account in the Industrial Trust Company, payable at the Westminster Bank for the sum of Seventy-one Dollars and Thirty Cents ($71.30), which check was given and was received by the Westminster Bank as full payment of the interest on said renewal note up to the time of the maturity of said renewal note, and upon presentation said check was duly honored and paid.

"11.   That said renewal note for Two Thousand Five Hundred and Sixty-four Dollars and Twenty-four Cents ($2,564.24) of said Herbo-Phosa Company is now held by said Westminster Bank; that it is not yet due and that no part thereof has been paid.

"12.   That the following are copies of stubs in the Note Book of the Herbo-Phosa Company:

$2564.24
Date      May 17, 1911
To         West. Bank
             $5\frac{1}{2}\%$ Int.
Time
Acct. of Congdon Suit
No.
6 mos. note


Date      Nov. 17, 1911
To         Westminster Bank
             $5\frac{1}{2}\%$ Int.
Time      6 mos.
Acct. of Congdon Suit
No.

$300.    00-100
Date     May 17, 1911
To       Alfred S. Johnson
Time     6 mos.
Acct. of Congdon Case
No.

$300.    00-100
Date     Nov. 17, 1911
To       Alfred S. Johnson
         Mechanics Nat. Bank
Time     6 mos.
Acct. of Congdon Case
No.

"That the following are copies of the entries in the book of Bills Payable, containing the record of the notes made by the Herbo-Phosa Company:

| Date | By Whom Drawn | Where Payable | On What Account |
|------|---------------|---------------|-----------------|
| May 17 '11 | Herbo-Phosa Co. | Westminster Bank | Congdon Case. |

| Time | Amount | When Due | Remarks |
|------|--------|----------|---------|
| 6 mos. | $2564.24 | Nov. 17 '11 | Renewed Nov. 17, 1911. |

| Date | By Whom Drawn | Where Payable | On What Account |
|------|---------------|---------------|-----------------|
| May 17 '11 | Herbo-Phosa Company | Mechanics Nat. | Congdon Case. |

| Time | Amount | When Due | Remarks |
|------|--------|----------|---------|
| 6 mos. | 300.00 | Nov. 17 '11 | Renewed Nov. 17, 1911. |

| Date | | Where Payable | On What Account |
|------|------|---------------|-----------------|
| Nov. 17, 1911 | Herbo-Phosa Co. | Westminster Bank | Congdon Case. |

| Time | Amount | When Due |
|------|--------|----------|
| 6 mos. | $2,564.24 | May 17, '12. |

| Date | | Where Payable | On What Account |
|------|------|---------------|-----------------|
| Nov. 17, 1911 | Herbo-Phosa Co. | Mechanics National | Congdon Case. |

| Time | Amount | When Due |
|------|--------|----------|
| 6 mos. | $300.00 | May 12, '12. |

"There was also a record made of the payment of interest upon both the principal and renewal notes in the regular books of the Company, viz:   the Cash Book, Petty Ledger and Check Book.

"There is no record of the receipt by the Herbo-Phosa Company of the proceeds of said note for $2,564.24, dated May 17, 1911, or of payment of the proceeds or any part thereof to any person, or of the receipt by the Herbo-Phosa Company of the proceeds of said note for $300, dated May 17, 1911, or of payment of the proceeds or any part thereof to any person upon the books of the Herbo-Phosa Company, or any other record except as above stated of the transactions described in this agreed statement of facts upon the books of the Herbo-Phosa Company.

"That said note for $300 and the renewal thereof is the note hereafter referred to in Paragraph No. 17.

"There is also no record upon any of the books of the Herbo-Phosa Company of any claim on the part of said Ann E. Congdon, as Administratrix as aforesaid, or of any judgment being obtained upon said claim against the Herbo-Phosa Company. This is the first tort action that the Herbo-Phosa Company has ever had and the only judgment that has ever been obtained against it in any tort action.

"13.   That said certificate of deposit No. 814, unchanged and with the consent of said Lewis A. Waterman and said Ann E. Congdon, the administratrix of John E. Whipple aforesaid, still remains on deposit with the Westminster Bank, pledged as collateral security for the payment of said renewal note.

"14.   That, except as set forth, no payment of the judgment aforesaid or satisfaction of the execution thereon has been made.

"15.   That there has not been and that there does not now exist any agreement or understanding between the Herbo-Phosa Company, the Westminster Bank, Lewis A. Waterman, individually or as attorney for any person, Ann E. Congdon, administratrix as aforesaid, or either of them,

or any person on behalf of them, or any of them whereby the payment in full or in part thereof of said notes or renewal of them or substituted obligation for them by the Herbo-Phosa Company shall be contingent upon any happening whatever, or whereby in any contingency the Herbo-Phosa Company shall receive any rebate, discount, payment back or credit on account of said transaction.

"16. That the Herbo-Phosa Company paid in cash Seven Dollars and Seventy Cents ($7.70) for witness fees in defending the action of Ann E. Congdon, Administratrix, against it as aforesaid.

"17. That Alfred S. Johnson and Arthur P. Johnson were employed by the Herbo-Phosa Company, attorneys at law to defend the action of Ann E. Congdon, administratrix, against it as aforesaid; that said Alfred S. Johnson and Arthur P. Johnson rendered to the Herbo-Phosa Company a bill for $300 for their services therefor, which was a reasonable amount for the services rendered; that on May 17, 1911, the Herbo-Phosa Company, by James S. Barry, its President and Manager, and Byron A. Remington, its Treasurer, made its note for Three Hundred ($300) Dollars, payable to said James S. Barry six months after date; said James S. Barry endorsed said note and delivered it to the Mechanics' National Bank and received therefor from said bank the sum of Three Hundred ($300) Dollars in cash, which he paid to said Alfred S. and Arthur P. Johnson, and the said Alfred S. Johnson and Arthur P. Johnson received as full payment for their services to the Herbo-Phosa Company aforesaid; that said Alfred S. Johnson guaranteed to the Mechanics' National Bank the payment of said note; that at the maturity of said note it was paid by a renewal note of like tenor in all respects due six months thereafter and payment thereof guaranteed to said bank by said Alfred S. Johnson in same manner as in case of the original note; that without such or other adequate security, the Mechanics' National Bank would not have taken said note and the renewal thereof and paid over cash upon it as aforesaid; that said renewal note

is not yet due, is unpaid, and that there has not been at any time and is not now any understanding or agreement between the Herbo-Phosa Company, the Mechanics' National Bank or said Alfred S. and Arthur P. Johnson, or either of them, whereby the payment in full or in part of said notes or renewal of them or substituted obligations for them by the Herbo-Phosa Company, shall be contingent upon any happening whatever or whereby in any contingency the Herbo-Phosa Company shall receive any rebate, discount, payment back or credit on account of said transaction.

"18.   That the right of the Herbo-Phosa Company to recover in the case at bar against the Philadelphia Casualty Company the whole or any part of the amounts claimed in the declaration in said case shall depend solely upon whether the Herbo-Phosa Company has complied with the following provision of the policy:

"No action shall lie against the company as respects any loss or expense under this policy unless it shall be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him after trial of the issue.

> "HERBO-PHOSA COMPANY
> "By Lewis A. Waterman
> "Alfred S. & Arthur P. Johnson, Attys.
> "PHILADELPHIA CASUALTY COMPANY
> "By Greenough, Easton & Cross, Attys."

(1)   The policy issued by the defendant company is undoubtedly one of indemnity under which a payment by the insured is a necessary condition precedent to recovery.

The defendant's policy also contains the provision that "No action shall lie against the company as respects any loss or expense under this policy unless it shall be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him after the trial of the issue."

The courts have held that a payment in cash is not necessary, and may be otherwise made, as for instance by a

note, provided that the judgment against the insured is extinguished, and the transaction is in good faith. In fact, the two cases relied upon by the defendant in its brief, *Kennedy* v. *Fidelity & Casualty Company*, 110 N. W. 97, and *Stenbohm* v. *Brown-Corliss Engine Company*, 119 N. W. 308, fully recognize the principle that a payment by note, if done in good faith, is sufficient, and amounts to a loss to the insured. In the case of *Stenbohm* v. *Brown-Corliss Engine Company*, the defendant was adjudged a bankrupt, and a receiver in bankruptcy was duly appointed subsequent to the commencement of the suit, and before it had been carried to judgment. The claim could not be proven in bankruptcy before judgment thereon was obtained, and when the judgment was rendered, the time within which it might have been filed in the bankruptcy proceedings had expired. After the rendition of judgment, an execution was issued and returned unsatisfied, whereupon proceedings being instituted, a receiver of the Brown-Corliss Co. was appointed by a circuit court commissioner. The receiver then filed a petition in the bankruptcy court, and obtained an order upon the trustee in bankruptcy, to turn over to him, the indemnity policy. Then the receiver, upon a petition to the circuit court, representing that the plaintiff was ready and willing to compromise for $5,000, and would accept the receiver's promissory note for that sum in settlement of the judgment, obtained an *ex parte* order, directing the receiver to make the note, and begin a suit against the insurance company. After such suit had been commenced on the policy, the Brown-Corliss Company obtained an order vacating the former *ex parte* order, and from this last vacating order, an appeal was taken. The action of the lower court was affirmed. The appellate court says in its opinion, that a judgment may be properly satisfied otherwise than by a payment in money, provided such payment is made and accepted in good faith. The court, however, found that the whole proceeding was a mere subterfuge, resorted to for the purpose of making a nominal compliance with the terms of the insurance contract.

We think that the case at bar may be readily distinguished from the *Brown-Corliss Company* case. In the latter, the receiver was not appointed to administer the affairs of the insolvent corporation for the benefit of its creditors generally, but simply in aid of an execution in favor of a single creditor for the sole purpose of collecting the judgment. The assets of the Brown-Corliss Company, with the exception of the insurance policy, were all in the hands of the trustee in bankruptcy, and the policy was of no value to the Brown-Corliss Company until the judgment was satisfied. The receiver, as such, was not invested with any property formerly of the Brown-Corliss Company. The note was not discounted, but was simply a valueless piece of paper turned over to the plaintiff in the damage suit in satisfaction, as it was claimed, of his judgment.

In the case at bar, the Herbo-Phosa Company made its note, in an amount sufficient to pay the judgment and costs, which said note was discounted at the bank. Such procedure on the part of the plaintiff company, unattended by other circumstances, would come within the ordinary course of business. The discounting of its note for this purpose would not tend to prove the insolvency of the Herbo-Phosa Company, but would as readily indicate that the company was at the time without the ready money with which to pay the judgment.

The defendant, however, claims that the circumstances attending the making and discounting of the plaintiff's note, which are fully recited in the agreed statement of facts, are sufficient to stamp the whole transaction as a subterfuge wholly designed to avoid the terms of the policy, and that the case therefore comes within the law as laid down in *Stenbohm* v. *Brown-Corliss Engine Company.* So far as it appears by the facts presented to the court, the note in question constitutes a valid claim against the plaintiff company. While it might be contended, by way of argument, that the method of arranging this whole matter was only consistent with some pre-arranged plan to avoid the terms of

the policy, yet, the pith of the question is in the validity of the note as a claim legally collectible from the Herbo-Phosa Company. The parties agree in their statement of facts "that there has not been at any time and is not now any understanding or agreement between the Herbo-Phosa Company, the Mechanics' National Bank or said Alfred S. and Arthur P. Johnson, or either of them, whereby the payment in full or in part of said notes or renewal of them or substituted obligations for them by the Herbo-Phosa Company, shall be contingent upon any happening whatever or whereby in any contingency the Herbo-Phosa Company shall receive any rebate, discount, payment back or credit on account of said transaction." The judgment in the Whipple case has been paid and the execution therein returned satisfied.

The note for $2,564.24 given to the Mechanics' Bank and the note for $300 covering the legal services of Alfred S. and Arthur P. Johnson in defending the Whipple suit, have both been renewed and the interest paid by the Herbo-Phosa Company.

These notes, so far as appears, are valid claims against the Herbo-Phosa Company, and the agreed facts above quoted serve to strip the transaction of any collusive feature which could effect any modification of its liability thereon. We think that the plaintiff is entitled to recover of the defendant the amount of the judgment and costs which it has paid, together with the counsel fees incurred in the defense of the suit and interest from the date of payment. There is no dispute between the parties as to the amount of the plaintiff's claim.

Decision for the plaintiff for $3,132.80 and costs. The papers in the case are remitted to the Superior Court, with direction to enter judgment for the plaintiff in accordance with such decision.

*Alfred S. & Arthur P. Johnson, Waterman & Greenlaw, Charles E. Tilley,* for plaintiff.

*Greenough, Easton & Cross, Frank T. Easton,* of counsel, for defendant.