# Goodman *v.* Georgia Life Ins. Co., *et al.*

## *Bill to Enforce a Judgment.*

(Decided June 11, 1914.   Rehearing denied November 7, 1914.
66 South. 649.)

1. *Insurance; Indemnity; Enforcement Against Company by Person Injured.*—Under a contract insuring an auto company against liability for injury, with a stipulation that the insurance company shall not be liable except for liabilities actually discharged by the payment of money, a person injured by the auto company and obtaining a judgment against such auto company has no right in equity because of the fact that the auto company is in the hands of a receiver, to compel the insurance company to pay the judgment, whether the insurance company defended the suit or not.

2. *Judgment; Enforcement; Equity.*—Equity has no jurisdiction to entertain a bill to subject a legal demand to the payment of a judgment.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by N. Goodman against the Georgia Life Insurance Company and others to enforce the payment of a judgment.   Decree on demurrer for respondents, and complainant appeals.   Affirmed.

The bill shows the following facts: In July, 1911, complainant was injured by an automobile operated by the Birmingham Auto Company, and in November, 1912 recovered a judgment therefor in the sum of $1,500.   Said auto company was protected by a policy of indemnity insurance issued by the Georgia Life Insurance Company.   This policy contains the following provisions:

D. No action shall lie against the company to recover for any loss or expenses under this policy, unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issues, nor unless such action is

[Goodman v. Georgia Life Ins. Co., et al.]

brought within two years after payment of such loss or expense.

Said auto company went into the hands of a receiver some time in 1911. No part of the judgment has ever been paid to complainant, although he has demanded payment from such receiver, and has also requested said receiver to bring suit on said insurance policy, and offer to indemnify him for any cost incurred in that behalf. It is alleged that said insurance company's attorney, at its instance, defended the said suit against said auto company for a time, but finally withdrew and suffered a judgment by default. The prayer is for a decree against said insurance company for $1,500, with interest and costs; also prayer for general relief.

HUGO L. BLACK, SAMUEL B. STERNE, and DAVID J. DAVIS, for appellant.

CHARLES A. CALHOUN and PERCY, BENNERS & BURR, for appellee.

SOMERVILLE, J.—The bill is wholly wanting in equity.

Under the express provisions of the policy of insurance, the assured, the auto company, had no right of action against the insurance company, except for liabilities actually discharged by the payment of money. Not having met this essential condition of the indemnity contract, the auto company could not itself maintain any action on the policy. Certainly a stranger to the contract cannot do so either directly or indirectly.

Complainant's theory is that a court of equity may treat the contract as made for the benefit of any person injured by the auto company, and this without re-

gard to its terms and limitations. This theory can find no support in any principle of law or equity, and is too untenable for serious discussion. Courts cannot tamper with and change the terms of contracts, nor can they substitute as beneficiaries thereunder unnamed and unintended strangers who have nothing whatever to do with either the contracts or the contractors. To exercise such powers would be to usurp despotic authority.

If the insurance company received the funds of the auto company in payment of the policy premium under circumstances which make their diversion from the coffers of the auto company a material fraud upon complainant, he might recover the amount of the premium in a proper proceeding; but he cannot claim the fruits of the contract.

The demurrers were properly sustained.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.

### ON APPLICATION FOR REHEARING.

SOMERVILLE, J.—On the original hearing no authorities were cited by appellant, and we reached our conclusion by resorting to what seemed to us to be the plainest of elementary principles.

We are now referred to the cases of *Patterson v. Adan* (*Phil. Casualty Co. et al., Garnishees*), 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, and *Sanders v. Frankfort, etc., Ins. Co.*, 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688. These cases proceed upon the theory that, when the insurance company takes exclusive charge of the defense of the as-

[Goodman v. Georgia Life Ins. Co., et al.]

sured in the damage action, as authorized by the provisions of the policy, an ensuing damage judgment against the assured converts the policy into an undertaking to indemnify against *liability,* and not merely against *loss actually paid;* and this although an express provision of the policy denies the insurer's liability, except for loss actually paid by the assured.

We entertain the profoundest respect for the able courts which rendered the decisions referred to, but we cannot accept their conclusions as valid upon the question under consideration. It seems to us that their construction of the insurance contract is dominated by an undue regard for the injured stranger, rather than by a consideration alone of the intention and the obligations of the contracting parties. Such insurance contracts as these may be one-sided and unsatisfactory in their operation, but we know of no principle of law or public policy which forbids their operation exactly as stipulated by the parties, with which, as already stated, a stranger to the contract has absolutely no concern.

The great weight of authority is against appellant's contention.—*Frye v. Bath. etc., Co.,* 97 Me. 243, 54 Atl. 395, 59 L.R. A. 444, 94 Am. St. Rep. 500; *Travelers' Ins. Co. v. Moses,* 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; *Connolly v. Bolster,* 187 Mass. 266, 72 N. E. 981; *Allen v. Aetna Life Ins. Co.,* 76 C. C. A. 265, 145 Fed. 881, 7 L. R. A. (N. S.) 958, and case noted.

While not necessary to the decision of this case, we deem it proper to say that the jurisdiction of equity to entertain a bill for the subjection of a legal demand to the payment of a judgment has been denied in this state.—*Henderson v. Hall,* 134 Ala. 455, 32 South. 840, 63 L. R. A. 673.

The bill here exhibited would therefore seem to be without equity under that decision, and we do not wish to be understood as indirectly affirming anything to the contrary.