### AMERICAN INDEMNITY CO. v. MARTIN et al.

#### No. 2706.

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1932.

Rehearing Denied Oct. 13, 1932.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Roy W. McDonald, of Dallas, of counsel, and Dallas C. Biggers, of Dallas, for appellee.

WALTHALL, J.

This is a suit to recover damages for personal injuries.

The suit was originally brought by appellee W. B. Martin, referred to in the record as "Whit" Martin, against A. D. Martin and the American Transfer & Storage Company, a corporation, to recover damages for personal injuries alleged to have been sustained in an accident through the negligence of each of the defendants.

By a subsequent amended petition W. B. Martin dismissed his suit as to the American Transfer & Storage Company, and made the American Indemnity Company, an insurance corporation, a party defendant along with A. D. Martin and asserted a cause of action against it under an insurance policy which that company had issued on the automobile of A. D. Martin, and which automobile was involved in the accident.

A. D. Martin did not answer, and the cause went to trial on W. B. Martin's third amended original petition, in which he assigned various and sundry acts of negligence on the part of Mrs. Vera Martin, wife of A. D. Martin, who was driving the automobile in which W. B. Martin was riding at the time of the accident.

All of the allegations with reference to the defendant American Indemnity Company are contained in paragraph 12 of said amended petition, in which paragraph it is alleged that defendant insurance company was organized under the laws of the state of Texas, and was authorized by such state to issue policies of liability insurance; that on or about December 28, 1929, it issued a certain policy of insurance for a period of one year, effective at noon on the 28th day of December and expired at noon on the 28th day of December, 1930, for which the defendant A. D. Martin paid the premium; alleged that "a true and correct copy is attached hereto and marked exhibit 'A' and made a part hereof as though copied at this point in full; that by virtue of said policy the defendant, American Indemnity Company is liable to the plaintiff for such amount as the plaintiff shall recover against the defendant, A. D. Martin, up to the sum of Ten Thousand ($10,000.00) Dollars."

Plaintiff prayed for a joint and several judgment against defendants in the amount of the damages claimed to have been sustained by him.

Defendant American Indemnity Company filed a plea of misjoinder of both parties and causes of action, which plea was overruled, and defendant excepted.

Subject to its plea of misjoinder, the American Indemnity Company filed its answer to the merits, consisting of a general demurrer, certain special exceptions, various acts and

omissions on the part of the plaintiff which it asserted were the sole causes of the accident, and were contributing and concurring causes of the accident.

It also pleaded the co-operation clause of its policy and asserted various acts and omissions on the part of A. D. Martin, which it alleged violated that provision of the policy.

It also pleaded that provision of the policy which exempted it from liability for injuries to a member of the assured's (A. D. Martin's) family or household, and alleged that the plaintiff, W. B. Martin, came within that exception of the policy, and was not entitled to recover.

Plaintiff filed a supplemental petition, consisting of a general demurrer, various special exceptions, a denial of negligence on his part, a denial of lack of co-operation on the part of A. D. Martin, and a denial that plaintiff was a member of the family or household of A. D. Martin.

The cause was submitted to a jury on special issues which were answered in favor of plaintiff, upon which judgment was entered in his favor for $7,000.

American Indemnity Company's motion for a new trial was overruled, to which it excepted, and prosecutes this appeal.

### Opinion.

Appellant's first assignment of error complains of the overruling of its plea of misjoinder of parties and causes of action for the following reasons:

(a) The policy is, and on its face shows to be, an indemnity agreement, and expressly provides that "no action shall lie against the Company to recover for any loss under this policy until the amount of the damages for which the assured is liable is determined either by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the company."

(b) The petition shows that it is an attempt to join an action for tort against A. D. Martin with an action against appellant on a contract of indemnity.

(c) Appellee is not named in the indemnity contract, nor a party thereto, nor was there any privity of contract between appellant and appellee.

The policy declared upon by appellee in his petition appears in the transcript and in the statement of facts. It would serve no purpose to here set out the policy in its entirety, and we will here state such portions only as seem pertinent to the propositions discussed under this assignment.

In the provision in the policy for "suit against Company," the policy provides: "No action shall lie against the Company to recover for any loss under this policy until the amount of the damages for which the assured is liable is determined, either by final judgment against the assured or by agreement between the assured and the plaintiff with the written consent of the Company, nor unless such action is brought within two years after the rendition of such final judgment, and no suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements." Then follow under that paragraph of the policy other conditions and provisions as to time of filing suit and provision of the laws of the state wherein the policy is issued, and which seem to have no application here.

In reply to appellant's contention, appellee, in his brief, refers to other portions of the policy, and reasons therefrom that the policy of insurance in question is a liability insurance policy as distinguished from an indemnity policy, and that under the facts of this case our Texas rule is that a liability insurer can properly be joined with the assured in an action by the injured party.

Appellee, in his brief, refers to portions of the policy which recite that A. D. Martin is insured "against loss from such of the perils * * *. as are described and limited in the 'Schedule of Perils'" appearing in the policy and for which a specific premium charge is made in schedule of coverage. Under the schedule of coverage the pertinent item in appellant's liability is limited to the amount stated. Under the schedule of perils the pertinent item under "Liability" states at length the legal liability imposed upon the assured from damages on account of bodily injuries caused by the ownership, maintenance, or operation of the automobile described in the policy, accidentally suffered or alleged to have been suffered while the policy was in force by any person or persons except certain ones mentioned; among the exceptions are included "injury to or death of any member of the household or family of the assured hereunder." The remaining portion of that item states the amount of assured's liability and which exceeds the amount of the judgment.

Under "General Conditions" in the policy is an item "Assignment of Interest," which provides that "all rights hereunder are strictly personal to the assured named in the policy" and terminates the policy on any change in the ownership or interest in the automobile insured.

An item under "General Conditions," "Indemnity for Loss," provides: "The company hereby agrees to defend in the name of and on behalf of the assured, any suits, even if groundless, brought against the assured to recover damages on account of such happenings as are provided in the property damage

and liability peril clauses herein," and to pay all costs taxed against the assured, etc.; the company reserving the right to settle or defend in any such claim or suit.

The policy contains a "bankruptcy or insolvency" item which provides, in substance, that bankruptcy or insolvency of the named assured shall not relieve the company from liability.

The question to be determined under this assignment is whether appellee has a cause of action directly against the appellant insurance company under the insurance policy involved in this case; that is, does appellee's asserted cause of action lie against appellant under the policy prior to final judgment against the assured, and in the absence of any agreement between the assured and appellee with the consent of appellant? Appellant's contention is that the policy of insurance is strictly an indemnity agreement as distinguished from a liability agreement, and that under the terms of the policy no action will lie against it by appellee's suit until the amount of the damage asserted in the suit has been determined by final judgment, as in a clause of the policy stated, and that such final judgment or agreement not having been alleged, appellant is improperly joined as a party defendant.

In the absence of a direct reply proposition in appellee's brief to appellant's assignment, we gather from the argument and references appellee's contention is to the effect that the policy in this case was taken out for the benefit of appellee within the meaning and contemplation of the law; that in such cases the law establishes the privity of contract and permits a direct suit, and quotes from Texas Jurisprudence, vol. 5, p. 661, a part of which quotation states the rule to be: "The Courts have rejected the contention that the insurance company may not be joined because, under the terms of the policy, it cannot be liable until after judgment has been awarded against the insured."

 We might say at this time that it is not objectionable to join causes of action ex delicto and ex contractu where they arise out of the same transaction or relate to the same subject-matter and depend mainly on the same evidence. Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Kuntz et al. v. Spence et ux. (Tex. Civ. App.) 48 S.W.(2d) 413.

The facts here, we think, bring this case under the rule stated.

Appellant submits that the cases of American Auto Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, 535; Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, 425; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; and American Fidelity & Casualty Co. v. Williams (Tex. Civ. App.) 34 S. W.(2d) 396, are distinguishable from the present case on the facts because the policies in said cases are influenced by ordinances which obligate the insurance companies to pay directly to the injured person the damages awarded.

In the American Auto Ins. Co. v. Struwe Case a similar plea in abatement to that here was presented, on the ground that the insurance company "under the terms of the policy, was only liable after judgment had been awarded against Zunker," the driver of the automobile causing the injury. In discussing that case Judge Fly, for the San Antonio Court, said: "That plea was properly overruled, because under the laws of Texas a dual suit will always be avoided whenever all parties can have a fair trial when joined in one suit. Appellee, had he so desired, could have prosecuted his claim to judgment as against Zunker and then have sued on that judgment against the insurance company, but the law does not make it imperative that he should do so, but would permit him to dispose of the whole matter in one suit." The court does not indicate in the opinion that the rule announced was influenced by an ordinance of the city of San Antonio, but rather in cases where a dual suit can be avoided and where all parties can have a fair trial when joined in one suit. A writ was refused.

The Texas Landscape Co. v. Longoria Case was rendered by the San Antonio Court. Longoria died as the result of injuries received in a collision in which he was driving an automobile operated by an employee of the Texas Landscape Company. Appellees made the insurance company a party defendant, alleging that it had issued a policy of insurance to the defendant, Texas Landscape Company, covering the automobile involved in the collision, and that under the policy the insurance company contracted and agreed to pay and satisfy all judgments rendered against the Texas Landscape Company, because of injuries or death inflicted by said automobile up to the amount stated. The insurance company filed its plea in abatement alleging that it was not a proper or necessary party to the suit, and that there was a misjoinder of causes of action for tort and on contract. Defendant, Texas Landscape Company, also filed a plea of misjoinder and adopted the plea of the insurance company. The trial court overruled the pleas. The policy obligates "to pay and satisfy judgments rendered against the assured in legal proceedings defended by the Corporation and to protect the assured against the levy of executions against the assured." Under that policy the assured was not required to pay the judgment first before having recovered against the company. In disposing of the pleas the opinion states that it was written (not being in the policy, supposedly as a matter of law) for the benefit of injured persons as well as the assured, and says, "Therefore there can be no reason why the assurance corporation should not be made

a party to this suit." The opinion refers to American Auto Ins. Co. v. Struwe case, supra, with approval.

The case of Kuntz v. Spence et ux., 48 S.W. (2d) 413, 416, by the Fort Worth Court, is similar in many of its features to the present case. In that case a plea of misjoinder of causes of action was presented, and that the policy sued on was for indemnity to the assured only and did not embody direct liability to the plaintiffs. The plea of misjoinder was overruled by the trial court and error assigned thereto. The opinion quotes at length the pertinent provisions of the policy to which we refer without stating them here. The policy provided: "No recovery against the company shall be had under agreements A or B until the amount of loss or expense shall have been determined, either by final judgment against the Assured after actual trial in an action defended by the Company or by a written agreement of the Assured, the claimant, and the Company, nor in either event unless suit is instituted within the time herein limited." Under the "Bankruptcy and Insolvency" clause, provided that "any person, or his legal representatives, who shall obtain final judgment against the Assured because of any such bodily injury * * * may proceed against the Company under the terms of this policy to recover the amount of such." The court said: "We believe it to be clear that the policy should be construed as one of liability and not merely one of indemnity. Even under the last-quoted paragraph [last quoted above] of the policy it is expressly provided that any person who shall recover a final judgment against the assured because of any bodily injury should have the right to recover the same judgment against the insurance company." The court concluded: "And for that reason alone we can perceive no reasonable ground for denying plaintiff the right to sue both the defendants in the same action and thus avoid a multiplicity of suits." The court referred with approval to the cases of American Automobile Ins. Co. v. Struwe and Texas Landscape Co. v. Longoria, supra.

See, also, the case of A. S. Pickens v. Katie Mae Seaton, 51 S.W.(2d) 1050, recently decided by this court.

The policy in this case has much in common with the American Automobile Ins. Co. v. Cone (Tex. Civ. App.) 257 S. W. 961, held to be an indemnity policy, but has other provisions similar to those discussed and held to be liability contracts.

We have concluded that the overruling of the plea of misjoinder of causes of action and parties defendant does not present reversible error. If the rule stated for the holding in American Automobile Ins. Co. v. Struwe Case, supra, should control, to avoid multiplicity of suits, we think there can be no question. Appellant agrees to defend the

suit and there could be no liability against it unless and until a final judgment is rendered against A. D. Martin, which was done.

■ Appellant's second assignment submits error to the overruling of its general and special demurrer, on the grounds: (a) Failure to set forth sufficient facts to show any cause of action against it, and (b) since appellant's policy, a copy of which was attached to appellee's petition and by specific allegation made a part of it, the policy containing certain exception clauses, the petition should affirmatively allege that appellee's cause did not come within any of said exceptions.

The point presented has caused a diversity of opinion by courts in other jurisdictions as well as in our own. Without stating the holdings of the courts or their reasoning on the points, we think the case of Travelers' Ins. Co. v. Harris, 212 S. W. 933, by the Commission of Appeals, determines the question for this court. For reasons stated in that case we think the overruling of the demurrers, general and special, present reversible error.

■ We think the court was not in error in excluding from the evidence in this suit the original petition in the case of A. D. Martin et ux. v. American Transfer & Storage Co. The tendered pleading was not in any sense an admission of appellee in this case.

The court refused to give a requested peremptory instruction in appellant's favor and error is assigned thereto. The reasons assigned by appellant embrace practically its entire defense, both of law and fact, appellant assuming that the issues, both of law and fact, should have been decided in its favor, while the court had ruled the questions of law against appellant, and the jury had found some of the facts against appellant. To pass upon the several reasons assigned thereto would require under that assignment a discussion of practically the entire case.

Under "Schedule of Perils" in the policy appears an item reading substantially as follows: "Liability": Legal liability imposed by law upon the assured for damages on account of bodily injuries, caused by the ownership, maintenance or operation of the automobile described in the policy, accidentally suffered or alleged to have been suffered while the policy was in force, excepts from such liability for injury to "any member of the household, or family of the assured hereunder." Another provision of the policy, and pleaded by appellant, without stating it in full, provides in substance that if an action is brought against the assured to enforce a claim for damages covered under the property damage or liability coverage of the policy, the assured shall not, without the consent of the company, interfere in any negotiation for settlement or in any legal proceedings and "shall in no manner aid or abet the claimant, but

shall cooperate fully with the company in defense of the said claim or suit." Appellant pleaded the above provision of the policy and alleged that A. D. Martin had breached that provision of the policy contract, and that A. D. Martin was in truth and in fact the instigator of appellee's claim and the real plaintiff in the case, stating the actions of A. D. Martin in that respect in detail.

Much evidence was heard on each of the above issues. Appellant objected to the submission of the issue to the jury as to whether appellee was a member of the household or family of A. D. Martin and insisted on the giving of its peremptory charge.

By several assignments appellant submits error to the submission of any issue to the jury, and especially the issue whether appellee W. B. Martin was a member of the household or family of A. D. Martin at the time of the accident, and error in submitting any issue to the jury on the ground that the undisputed evidence shows, as a matter of law, that appellee was a member of the household of A. D. Martin, and that A. D. Martin had breached the policy contract as alleged.

The jury found that appellee was not a member of the family or household of A. D. Martin at the time of the collision in question.

The court in submitting the issue defined the term "family or household" and made no distinction between the two. No objection was made to the form of the charge nor the definition. The contention of appellant, as we understand it, is that the undisputed evidence shows, as a matter of law, that appellee was a member of the household of A. D. Martin. In this we do not concur. The evidence shows without controversy that while appellee is a younger brother of A. D. Martin, and occupied a room in his house and had the privilege of his home, appellee was of age, had a job, paid for his room and board, and was not in any wise under the control of A. D. Martin.

The court did not submit to the jury, as requested by appellant, whether A. D. Martin breached the contract by aiding and abetting appellee in prosecuting his claim for damages. In the judgment the court finds "that the defendant A. D. Martin complied with all the terms of such policy with respect to reporting such accident and tendering his co-operation to the defendant American Indemnity Company." No objection is made here to the refusal of the court to submit the issue, nor, as we understand it, to the sufficiency of the evidence to support the court's finding. We think it was an issue of fact and not of law. We think, under the evidence, the fact could have been found either way. Where the uncontroverted evidence shows that A. D. Martin did aid and abet appellee in the matter of his claim, the issue would not be an issue for the jury, but the legal effect of such undisputed evidence would be for the court.

Appellant's position seems to be that where the evidence shows that A. D. Martin aided and abetted appellee in presenting his claim, appellant's defense is complete by reason of such breach of the contract. We do not concur in that view, where, as we think, the policy contract must be construed as a liability and not an indemnity contract. Appellee's cause of action had attached prior to such breach and would not be discharged by such breach.

We do not think, as submitted, that the undisputed evidence showed, as a matter of law, that appellee was guilty of contributory negligence, and that for that reason the peremptory instruction should have been given.

Appellant submits other grounds of error which we have considered but overrule.

For the reason stated the case is reversed and remanded as to American Indemnity Company. The defendant A. D. Martin did not appeal, and the judgment against him is not disturbed.