## RAY et al. v. MOXON et al.
### No. 3937.

Court of Civil Appeals of Texas. Amarillo. Jan. 4, 1933.

Rehearing Denied Jan. 25, 1933.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiffs in error.

Thomas & McDonald, of Big Spring, for defendants in error.

MARTIN, J.

For convenience the parties to this appeal will carry the same designation as in the trial court.

Plaintiff Le Roy Moxon, by next friend, brought suit against E. E. Ray and the Commercial Standard Insurance Company, defendants, for damages. The substance of his cause of action against Ray was that said Ray had negligently struck the motorcycle on which he was riding on the Bankhead Highway near the town of Big Spring, with his automobile, inflicting physical injuries not necessary here to set out.

For cause of action against the other defendant herein, plaintiff alleged: "That defendant, Commercial Standard Insurance Company, hereinafter referred to as the Insurance Company, had at the time of said injury, an insurance policy issued to E. E. Ray, the other defendant herein, such policy being then and there in force, the main purpose of which was in substance the providing of public liability insurance binding the said Insurance Company to pay any and all damages sustained by any third party because of and through the negligence of the defendant E. E. Ray, and because of the policy and by reason of the terms thereof, the said defendant Insurance Company has, under the facts and circumstances hereinbefore set out, become liable jointly with the defendant E. E. Ray unto the plaintiff herein for the payment of any and all of the damages hereinbefore set out, such policy of insurance being written not only for the benefit of the said defendant E. E. Ray, but for the benefit of such third parties as might become injured through the negligence of the defendant E. E. Ray, and the plaintiff having been injured by and through the negligence of the defendant, comes within the terms, stipulations and benefits of the said public liability insurance policy then and there existing, issued and delivered by the said Commercial Standard Insurance Company and such judgment as may be herein rendered against said E. E. Ray, should also, under the terms of said policy, be entered and adjudged over and against the said Insurance Company, jointly and severally."

Judgment was rendered for plaintiff against defendants in response to special issues.

Both defendants filed pleas in abatement, alleging a misjoinder of parties and causes of action. This was overruled, after which, and subject to the above pleas, the defendants filed answer on the merits, the nature of which will sufficiently hereinafter appear in the discussion of the law questions.

Under appropriate assignments of error both defendants here contend, and we think correctly so, that the court erred in overruling their respective pleas in abatement.

■ The general rule is that causes of action ex delicto and ex contractu may not be joined in the same suit unless they have arisen out of the same transaction or relate to the same subject-matter and are dependent mainly upon the same evidence. 1 Tex. Jur. § 42, and authorities there collated.

The real question presented is whether or

not the contract evidenced by the policy issued to the insured may be construed to give a direct right of action against the insurer by the injured party, or, stated otherwise, whether or not such a policy creates primary liability against the defendant insurance company. Manifestly a negative answer to this places this case within the general rule above stated.

Confusion exists among the authorities regarding this matter, and its importance has caused us to make a careful examination of existing precedents in an effort to arrive at the correct rule.

The policy in question provides, in part, that the aforesaid insurance company:

"Does hereby insure the assured named and described herein for the term herein specified, against * * *

"Bodily Injuries or death accidentally suffered or alleged to have been suffered by any person or persons * * * as the result of an accident occurring while this policy is in force * * *. The liability of the Company under this Item 1 is limited to the amounts stated in Item 1 of the 'Schedule of Coverage' on the preceding page, but the Company will, in addition to such limits, pay for the expense incurred by the Assured for such immediate medical aid as shall be imperative at the time of an accident on account of which claim could be made under this Item 1. * * *

"Defense of Suits: Interest and Costs. In the event that loss or expense from the Peril set forth in Item 1 and/or Item 2 is insured against hereunder, then as respects the Peril or Perils so insured against, the Company will defend, in the name and on behalf of the Assured, any suits for damages arising from such accidents as are covered by Item 1 and/or Item 2 of this policy, and will pay all costs taxed against the Assured in any legal proceedings defended by the Company, all interest accruing after entry of judgment * * *

"Accidents Must be Reported. Assured Must Cooperate. Upon the occurrence of any loss or accident covered under Section One of the Schedule of Perils and irrespective of whether any injury or damage is apparent, at the time, the Assured shall give immediate written notice to the Company at its offices in Dallas, Texas, with the fullest information obtainable at the time. If a claim is made on account of any such accident the Assured shall give like notice thereof immediately after such claim is made, with full particulars. If thereafter any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the Company every summons or other process as soon as the same shall have been served. Whenever requested by the Company, the Assured shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, and at all times render all possible cooperation and assistance. The Assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceedings or incur any expense or settle any claim, except at Assured's own cost, without the written consent of the Company previously given. The Company reserves the right to settle or defend, as the Company may elect, any such claim or suit brought against the Assured, and in defending any suit the Company shall have the sole right to determine whether appeals shall be taken from any order or judgment. The liability of the Company as expressed and limited in this policy shall not be enlarged by reason of any mistake, failure, refusal or negligence in connection with the settlement or defense of any claim, loss or suit. * * *

"Losses Must be Reported. In the event of loss or damage under Section Two of the Schedule of Perils, the Assured shall give immediate written notice thereof to the Company at its offices in Dallas, Texas, with the fullest information obtainable, and shall, within sixty days (In Texas ninety-one days) from the date of such loss or damage, file written proof of interest and extent of loss, signed and sworn to by the Assured, stating the knowledge and belief of the Assured as to the place, time and cause of the loss or damage, the interest of the Assured and of all others in the property, the amount of damage and the amount claimed; and the Assured as often as required shall exhibit to any person designated by the Company all that remains of any property herein described, and shall submit to examinations under oath by any person named by the Company, and subscribe the same, and as often as required shall produce for examination all books of accounts, bills, invoices and other vouchers (or certified copies thereof if originals be lost) at such reasonable place as may be designated by the Company or its representatives, and shall permit extracts and copies thereof to be made. Failure to comply with any and/or all provisions of this paragraph shall invalidate the claim. * * *

"Right of Recovery, Time Limit. No Action shall lie against the Company to recover any loss or expense under Section One of the Schedule of Perils unless the Assured shall have fully complied with all the requirements hereof and unless such action shall be brought by the Assured or his heirs or legal representatives for loss and/or expense actually sustained and paid in money by the Assured after the amount thereof shall have been fixed and rendered certain, either by final judgment against the Assured after actual trial of the issue or by agreement between the parties with the written consent of the company * * *."

The last clause above quoted has come to be known in judicial parlance as a "no ac-

tion clause," and will be frequently referred to in this opinion.

As supporting his contention that this policy gives a direct right of action against the insurer and creates primary liability, plaintiff cites, among others, the following authorities: Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423, 425; American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662.

In the Longoria Case, supra, the terms of the policy are not set out, their substance and legal effect only being stated. Among these we note the following: "So it appears that the assured does not have to pay the judgment first and then sue the insurance company for reimbursement; but the insurance company agrees 'to pay and satisfy judgments rendered against the assured' in the first instance. * * * The policy clearly contemplates and provides that the payment will be made by the insurance company directly to the injured party."

If the policy under discussion in this case contained a "no action clause," it was not so stated. This difference constitutes one of the chief distinctions between the above case and the instant one. We have examined with care all authorities cited in support of the above case, and their facts are so radically different from those under consideration that an obvious distinction is made apparent by their mere recital. For example, the case of American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, is there cited and appears to have been given controlling effect. The facts of the Struwe Case are set out and discussed at length in the later case of American Automobile Insurance Co. v. Cone (Tex. Civ. App.) 257 S. W. 961, 963. From it we quote:

"There has been furnished to us, and which was used in the oral argument herein, a certified copy of the ordinance and the bond or policy in the Struwe Case, supra, as taken from the record therein. From these it appears that the ordinance provided for the licensing of certain public service automobiles and requiring that they give bond, payable to the mayor of San Antonio and his successors in office, 'for the benefit of every person injured * * * or will well and truly pay directly to any such person * * * any amount * * * that may be awarded by final judgment * * * against such licensee on account of any such injury,' not exceeding a certain amount. The bond or policy refers to the above-mentioned ordinance and in terms obligated the insurance company 'to pay directly to any person so injured * * * any amount or amounts which may be awarded by any final judgment * * * on account of such injuries against the assured

herein,' not exceeding a certain amount, and also provided that—

" 'This policy shall operate for the benefit of any persons injured in person or property, as specified in the ordinances of the city of San Antonio, Texas, above recited; and all such persons shall be considered and are beneficiaries under this contract; and may institute and maintain suit, prosecute and enforce judgment under this policy in their own names and for their own benefit, as if they were actual parties hereto.' "

We would have here an entirely different question if in this case the insurance company had contracted directly, as in the Struwe and Longoria Cases, supra, to pay directly to the injured party so as to make it primarily liable. Such, however, is not our case, as will be readily apparent from reading the terms of the policy above set out. To hold, in the face of the "no action clause" above quoted, that such policy gives a direct right of action by the injured party before judgment against the assured, would be to abrogate the terms of a contract in favor of a stranger to it and who was clearly not a beneficiary under it. We know of no reason why two parties cannot make a contract of the character above quoted. It violates no statute, it is not against public policy, and if the two parties who made it are satisfied with its terms, what right has a court to intrude itself into their affairs and make a new contract for them, as would be the case if we followed the construction claimed by plaintiff? The contract in question is not under attack here by either of the parties who made it. Under its plain terms no action can be maintained upon it except upon the conditions named therein, none of which are present here. Whether the assured would have to actually pay any judgment rendered against him before having a right to sue on the policy is not before us, but such a question has furnished the subject-matter of an interesting opinion by our Supreme Court in the case of American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S. W. 908, 37 A. L. R. 633. See, also, Kipkey v. Casualty Association of America, 255 Mich. 408, 238 N. W. 239.

None of the cases cited by plaintiff supports his view. The Monzingo v. Jones Case, supra, construes a policy required by law to be taken out by motorbus operators and by statute is required to be so written as to give the injured party an affirmative right of action thereon. That such a holding would furnish no precedent for the action of the trial court in this case is too plain for argument.

■ We turn now to a consideration of the reasons and of the cases which in our opinion tend to support our view that the policy in question did not make the insurer herein primarily liable to the plaintiff and that its joinder in this suit was improper.

Let us examine for a moment the nature of the policy in question, which has been made the depository of all contractual obligations entered into between the assured and the insurer with respect to the subject-matter under discussion. Neither in purpose or by express terms was such contract made for the benefit of plaintiff. Plainly it was made to protect Ray against happenings which might prove disastrous to his business or property. The consideration for the contract was paid by him; its promises run to him alone and were for his benefit only. The policy was his property. The plaintiff was not a party thereto and should not now be allowed to assert rights under it unless by its terms, express or implied, the original parties so intended. No such right is expressly given, and it seems to us by necessary implication is denied him by the stipulation that no cause of action can be brought thereon except upon the contingencies and subject to the conditions quoted in the "no action clause" above set out. The insurer did not assume towards the plaintiff in its contract the place of a primary debtor. It had the undoubted legal right to annex to its promises any conditions that did not run counter to some rule of law which made them void. The general provisions of this policy might be interpreted as indemnifying against liability rather than loss, but its specific provisions show apparently as plainly as human language can make them that it was written for the benefit of the assured and him only to indemnify him against loss.

The case of American Automobile Insurance Co. v. Cone (Tex. Civ. App.) 257 S. W. 961, 963, in its facts, closely parallels the instant case and fully supports our conclusion. A comparison of this case with the Struwe Case, supra, will sufficiently illustrate to the investigator the difference between a policy of indemnity against actual loss and one of indemnity against mere liability for loss, and between one made only for the benefit of the assured and one upon which a third party may sue directly. In the Cone Case, supra, a "no action clause," as in this case was one of the stipulations of the policy. We quote from this case: "The policy is a contract of indemnity against loss and expense, as distinguished from a policy indemnifying against liability for loss or expense, and in such policies as this it has been generally held that liability of the insurance company does not attach until the assured has actually sustained and paid the loss after judgment rendered therefor; whereas, in policies indemnifying against liability for loss, liability attaches as soon as the assured becomes potentially liable for a loss by reason of the happening of some event covered by the policy which has created possible liability against the assured, and that compliance with its terms under the character of policy here involved, as to payment of the loss after judgment, is made a condition precedent to any right of action on the policy, and that no right of action upon the policy exists in favor of an injured person, and that this is so held regardless of whether the assured is or has become insolvent since the accident or before or after judgment has been obtained against the assured by the injured person. Texas Short Line Ry. v. Waymire (Tex. Civ. App.) 89 S. W. 452; Owens v. Jackson (Tex. Civ. App.) 217 S. W. 762; Young v. State Bank of Marshall, 54 Tex. Civ. App. 206, 117 S. W. 476; Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924, and note; Clark v. Bonsal, 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191; Embler v. Hartford, etc., Co., 158 N. Y. 431, 53 N. E. 212, 44 L. R. A. 512; Carter v. Ætna Life Ins. Co., 76 Kan. 275, 91 P. 178, 11 L. R. A. (N. S.) 1155; Travelers' Ins. Co. v. Moses, 63 N. J. Eq. 260, 49 A. 720, 92 Am. St. Rep. 663; Puget Sound, etc., Co. v. Frankfort, etc., Co., 52 Wash. 124, 100 P. 190; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 P. 69; Bain v. Atkins, 181 Mass. 240, 63 N. E. 414, 57 L. R. A. 791, 92 Am. St. Rep. 411; Frye v. Bath, etc., Co., 97 Me. 241, 54 A. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Allen v. Ætna Life Ins. Co., 145 F. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958, and note."

We again call attention to the fact that plaintiff Moxon was not a party to this policy. Neither by express stipulations therein, nor by the use of language necessarily implying such, is he a beneficiary. Could Ray, the assured, have originally maintained suit against the insurer under this policy and collected a judgment upon allegations of the facts pleaded by plaintiff and before any judgment was ever rendered against him determinative of liability and the extent of the damages? We think not. This, for one reason, because the policy itself requires the existence of a final judgment against the assured or an agreement, to which the insurer was a party, so as to have determined the intrinsic character of the happening and the amount of damages as a condition precedent to his right to sue. Would a stranger to the contract then be given a right inhibited by it expressly to the very party who made it? The recovery of a judgment is the manner provided in the contract by which the insured proves to the insurer that the occurrences relied upon by the injured party were covered by the policy and the extent of the damages. It is the mode provided for establishing liability and loss. It is the judicial ascertainment of the facts which give rise to liability. Thence forward after the rendition of such a judgment, the mouth of the insured is closed by his contract as to the existence of the happenings therein adjudicated and the resultant damages. To have these questions definitely determined in a suit between the original parties is undoubtedly a matter of some concern to the insurer, in consideration of which it could afford to is-

sue a policy for a less consideration. If such an arrangement suits both parties to the contract and same is valid, certainly an appellate court is without authority to judicially nullify what they have plainly agreed upon.

The case of Kuntz et al. v. Spence (Tex. Civ. App.) 48 S.W.(2d) 413, not cited by plaintiff, is one of the Texas cases which we have found that tends to support his view. This case was cited and apparently followed in Thurman v. Chandler (Tex. Civ. App.) 52 S. W.(2d) 315, 320. The overwhelming weight of authority is, in our opinion, against the holding in the Kuntz Case. Its reasoning has been repeatedly rejected with almost practical unanimity throughout the United States, as will be later shown. As the result of such holdings, many states have enacted statutes giving the injured party a direct right of action against an indemnity insurance company in cases of the character under discussion.

As typical of the holdings of the courts of other jurisdictions in construing a policy with clauses similar to those quoted above, we cite the following cases: Degnan v. Rhode Island Mut. Liability Ins. Co., 51 R. I. 366, 154 A. 912; Small v. Morrison, 185 N. C. 577, 118 S. E. 12, 31 A. L. R. 1135; Jacobs v. Casualty Co., 198 App. Div. 470, 191 N. Y. S. 692; Goodman v. Ins. Co., 189 Ala. 130, 66 So. 649; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; O'Connell v. Railway Co., 187 Mass. 272, 72 N. E. 979; Frye v. Gas & Elec. Co., 97 Me. 241, 54 A. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Eberlein v. Fidelity & Deposit Co., 164 Wis. 242, 159 N. W. 553; Stenbom v. Brown-Corliss Engine Co., 137 Wis. 564, 119 N. W. 308, 20 L. R. A. (N. S.) 956; Herbo-Phosa Co. v. Phil. Cas. Co., 34 R. I. 577, 84 A. 1093; Cushman v. Fuel Co., 122 Iowa, 657, 98 N. W. 509; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 P. 69; Luger v. Windell, 116 Wash. 375, 199 P. 760, 761, 37 A. L. R. 641; Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Allen v. Ætna Life Ins. Co., 145 F. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958.

The Texas authorities are cited in the above quotation from the Cone Case.

The trial court submitted the issue of whether or not defendant failed to maintain a proper lookout for other vehicles upon the highway, but refused, upon proper objections and exceptions, to define the term "proper lookout." This is assigned as error, and the case of Wichita Falls & S. R. Co. v. Hamilton (Tex. Civ. App.) 37 S.W.(2d) 755, is cited in support of the assignment. The case is in point. The later case of France v. Graves (Tex. Civ. App.) 48 S.W.(2d) 438, announces the same holding with apparent reluctance. The term is not a legal or technical one in our opinion and requires no definition. An attempt to explain what is already clear tends only to confuse the jury. If "proper lookout" be defined, why not "proper" and "look" and "out," and so on ad infinitum until finally a bewildered jury would find itself blinded by a cloud bank of verbosity? To require a definition of words whose meaning ought to be known to every fourth grade pupil is to set a precedent that will tend to discredit and destroy the system of trial of cases upon special issues. Until and unless the Supreme Court specifically so holds, we decline to assent to the proposition that such term must be defined.

The assignment is overruled.

For the error pointed out the judgment is reversed, and the cause remanded.

#### On Motion for Rehearing.

In our original opinion we erroneously stated that the case of Kuntz v. Spence had not been cited by defendant in error. The case was, in fact, plainly cited, but overlooked.

The recent case of American Indemnity Co. v. Martin et al. (Tex. Civ. App.) 54 S.W.(2d) 542, appearing in print subsequent to the date of our opinion is called to our attention by defendants in error in the motion for rehearing. It is apparently in conflict with our holding herein. We do not agree with the reasoning of the eminent judge who wrote that opinion. As we view it, the sole question presented is one of the construction of a contract between two parties. The avoidance of a multiplicity of suits can not, it seems to us, be made to affect this question. Our holding was bottomed upon the proposition that the defendant in error, who was not a party to the contract in question and at most only a contingent beneficiary under it, had no right to maintain a cause of action thereon, he being an entire stranger to it. We are unable to see the view-point that the avoidance of a multiplicity of suits has anything to do with the determination of this question.

Motions for rehearing and to certify are both overruled.