A. B. RAY v. PECOS & NORTHERN TEXAS RAILWAY COMPANY ET AL.

Decided June 14, 1905.

1.—Pleadings—Trial Amendment—Harmless Error.

The action of the court in striking out plaintiff's trial amendment was not to his injury where his supplemental petition, stating in substance the same facts, was read to the jury, and he was allowed to prove all matters desired by him.

2.—Trial—Remarks of Court—Bill of Exceptions.

A remark of the trial judge, made in reply to a request by counsel for time to prepare a bill of exceptions, that he did not think the Legislature intended that a jury trial should be delayed by repeated demands for time to prepare bills, was not clearly of such character, the time asked for having been granted after an examination of the statute, as to prejudice the case with the jury.

3.—Same—Limiting Time for Argument.

The court has the authority to limit the time of the argument of counsel within reasonable bounds (an hour allowed to each side in this case), and if counsel are not satisfied with the allowance a request should be made at the time for a further extension.

4.—Same—Arguing Law to Jury.

Where a bill of exceptions showed merely that counsel was telling the jury what the Supreme Court had held in certain cases, and on objection being made the court stated to the jury that it would be governed by the law given by the court, no error was disclosed.

5.—Bills of Exceptions.

In the absence of a bill of exceptions prepared in the manner provided by article 1369, Revised Statutes, relating to cases where counsel is dissatisfied with the bill as given by the trial judge, the Appellate Court is compelled to accept the bill as the trial court has given it.

6.—Fellow Servants—Issue Raised.

Evidence to the effect that plaintiff, who was in the employ of a railroad company, was injured while he and others working there with him were moving a boiler in the yards, and through the negligence of one of the party, all of whom were engaged in the same work and in the same grade, was sufficient to raise the issue of fellow servants.

7.—Same—Concurring Negligence.

Where plaintiff was not guilty of contributory negligence, and the railway company employing him was guilty of negligence which was the proximate cause of the injury, the company would be liable therefor, although the negligence of a fellow servant may have concurred in producing the result.

8.—Same—Another Company Jointly Using Track—Liability.

Nor would the concurring negligence of a fellow servant relieve from liability a company other than plaintiff's employer where such other company jointly used the yards and tracks, and the negligence of its servants operating an engine there proximately caused plaintiff's injury.

9.—Proximate Cause.

The proximate cause of an injury is not necessarily the last cause, or one nearest the injury, but such act, wanting in ordinary care, as actively aided or concurred in producing the result.

10.—Assumed Risk—Master's Negligence.

The servant assumes the risk of injury only as to these matters which

arise after the exercise of care and diligence on the part of the master, but not those arising from the latter's negligence.

**11.—Briefs—Reflections on Trial Judge.**

Reflections in the briefs upon the fairness and impartiality of the trial court criticized and condemned.

Appeal from the District Court of Potter.  Tried below before Hon. Ira Webster.

*L. C. Barrett* and *W. E. Gee,* for appellant.—The negligence of a fellow servant concurring with that of the master in producing injury does not exempt the master from liability.  Ray v. Railway Co., 9 Texas Ct. Rep., 828; Railway Co. v. Sweeney, 14 Texas Civ. App., 216, 36 S. W. Rep., 800.

*Madden & Trulove,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellant sued the Pecos & Northern Texas Railway Company and the Fort Worth & Denver City Railroad Company to recover damages arising from personal injuries alleged to have been inflicted upon him through the negligence of the two railway companies.  Appellees answered by general and special exceptions and by pleas of general denial, contributory negligence, assumed risk and that appellant was injured through the negligence of a fellow servant. The trial resulted in a verdict and judgment for appellees.  This is a second appeal, the result of the first being reported in 80 S. W. Rep., 112.

The first assignment of error seeks to have reviewed the action of the trial court in striking out a trial amendment filed by appellant, upon an oral motion of appellees, during the course of the trial.  It appears from a bill of exceptions, prepared by the court in lieu of one prepared by appellant, that some days before the trial began the court had sustained a demurrer to a supplemental petition filed by appellant and he was granted leave to amend.  He then filed a paper endorsed "Trial Amendment," and afterwards, when the case was called for trial, appellees orally objected to the pleading being used for the reason that the same matters set up therein had been pleaded in the supplemental petition to which a demurrer had been sustained, and that this having occurred several days before the trial began, the matters should have been set up in an amended pleading, and not in a trial amendment. The court ordered the pleading stricken from the records of the cause. By consent of appellees the supplemental petition, to which the exception had been sustained, was read to the jury as a part of the pleadings in the cause.  The matters pleaded in the supplemental petition were practically the same as those contained in the trial amendment, the main difference being that the injuries are set out more specifically in the trial amendment than in the supplemental petition.  The pleading was not a trial amendment and did not contain the necessary averments to constitute it an amended petition, and neither was it a supplemental petition, as it was not a reply to any matters set up in the answers of appellees.  It had no place as a pleading among the papers of the

case.  Strictly speaking, however, the motion attacking it should have been in writing so as to preserve the exception contained therein.  The action of the court, however, could not have injured appellant, because he was allowed to prove all matters desired by him, and its absence could not have affected the result of the trial.

There is no basis for the contention that appellant was not allowed sufficient time during the trial to prepare bills of exception, nor for the complaint that the court "stated in a fretful tone in the presence and hearing of the jury that he would give the judge (meaning counsel) a whole hour to prepare his bill."  The bill of exceptions, prepared by the court, states that during the trial certain evidence was presented by appellant and on objection was excluded by the court and appellant excepted and asked leave to retire to prepare a bill of exceptions.  Appellees objected to a delay of the trial for that purpose, and stated that they did not believe the statutes authorized such delay.  The court then asked for a copy of the statutes, at the same time remarking, in the presence of the jury, that he doubted that it was intended by the Legislature that a jury trial should be delayed by repeated demands for time to prepare bills of exception.  After an examination of the statutes the court stated to appellant's counsel that he was entitled to have sufficient time in which to prepare his bills of exception, and if he desired to take the time he would be permitted to do so.  Doubtless the remarks of the trial judge should have been omitted, but it is not clearly shown that they were of such character as to prejudice the cause of appellant with the jury.  This disposes of the second, third, fourth and fifth assignments of error.

The sixth assignment of error claims that the court erred in not giving appellant's counsel more than twenty-five minutes in which to present his case to the jury and in allowing appellees two hours in which to address the jury.  That assignment is not supported by the bill of exceptions prepared by the court.  It is therein stated that the court limited the argument of the cause to one hour to appellant, and the same time to each of the defendants.  No objection was made to that arrangement.  Counsel for appellant, after arguing the law of the case for thirty-five minutes to the court, remarked that he did not have sufficient time to argue the case as he would like to the jury, but did not request more time.  After the argument was closed, and without having requested further time, appellant's counsel excepted to the action of the court in limiting the time for the argument.  It is clear that there is no merit in the assignment.  The court had the authority to limit the time of the argument within reasonable bounds, and it is not made to appear that his discretion was abused in this cause.  There is nothing in this record from which the inference can be drawn that appellant was injured by limiting the argument of his counsel.  If counsel objected to the action of the court, he should have done so at the time and requested more time.

The seventh assignment of error complains of the court excluding certain portions of his closing argument from the jury.  It appears that counsel was telling the jury what the Supreme Court had held in certain cases and appellees objected to his argument, in answer to which the court stated to the jury that it would be governed by the law

given by the court. The bill of exceptions does not state what the argument was, and is too meagre for this court to ascertain whether appellant was deprived of any right or not. It may be said in this connection that all of the bills of exception prepared by counsel were rejected by the trial judge and others prepared and signed by him. Appellant asserts that the bills were not fairly prepared, and yet he made no effort to have such as he desired prepared and brought to this court. In article 1369, Sayles' Statutes, the manner of obtaining bills of exceptions, when a party is dissatisfied with those filed by the judge, is fully prescribed. In the absence of bills prepared in the manner provided in that article, Appellate Courts will be compelled to accept the bills of exception prepared by the court.

There was testimony raising the question of fellow servants and the court did not err in submitting that issue to the jury. The evidence showed that appellant was hurt by an engine striking a piece of timber lying on the track, that had been left there by appellant or his fellow servants in disobedience of orders of the foreman. There was evidence going to show that McElligott and Miller were fellow servants of appellant; that they, with appellant and others, were engaged in moving a boiler by placing it on timbers and rolling it on them; that this was being done between two railroad tracks, and that all were engaged on the same piece of work at the same time and place and were of the same grade, and were working to a common purpose. (Railway v. Howard, 97 Texas, 513.)

The facts of this case show that appellant was an employe of the Pecos & Northern Texas Railway Company and, with others, was engaged in removing a large iron boiler from one point to another in the yards of the employer in the town of Amarillo. Timbers were used as rollers upon which to move the boiler. One of those timbers was left in such a position that it was on or very near a switch track. An engine operated by the employes of the Fort Worth & Denver City Railway Company was propelled along the track, struck the timber and threw it around so that it came in contact with the leg of appellant and injured him. There was evidence to the effect that appellee's foreman ordered appellant and others, who were his fellow servants, to remove the timber from the track before the engine struck it. Appellant, however, denied receiving any such order and claimed to have been engaged at the time in other work.

If the Fort Worth & Denver City Railway Company was guilty of negligence in running its locomotive against the piece of timber, and appellant was struck and injured thereby, it would be liable for damages, if appellant was not guilty of contributory negligence in not removing the timber from the track, no matter if the negligence of the other railway company or that of its employes, other than appellant, may have concurred with its negligence in producing the result. The fact that the employes of the Pecos & Northern Texas Railway Company, whose negligence may have been a concurring cause in producing the result, were the fellow servants of appellant, would have no effect in relieving the Fort Worth & Denver City Railway Company of the effect of its negligence, which concurred with the negligence of the fellow servants in producing the results. It would not exonerate the latter company

from the effects of its negligence any more than it would exonerate the master from his negligence which concurred with the acts of fellow servants of the injured party in causing the injury. So it was held by the Court of Civil Appeals of the Second Supreme Judicial District on the former appeal of this case. That court said: "If appellee was himself free from negligence, and there was negligence on the part of the engine crew—who were not fellow servants with appellant under our statutes—that proximately resulted in injury, the master, whose servants the operatives of the engine were, is liable, even though there may also have been concurring and contributory negligence of persons other than appellant, fellow servants of appellant though they may be."

That decision stated the law of this case, so far as the Fort Worth & Denver City Railway is concerned, and should have been followed by the trial judge. Not only was that phase of the case completely ignored, although presented by the evidence, but when it was called to the attention of the court, by a special charge requested by appellant, the charge was refused and no response made to the suggestion therein contained. That charge, though defective in not limiting the recovery to the railway whose employes were operating the engine under the facts therein stated, was sufficient to call the attention of the trial judge to that phase of the case and made it incumbent on him to give a charge embodying the law as given by the higher court. This matter is presented by assignments of error.

If, under the facts of this case, appellant was not guilty of contributory negligence, and his master, the Pecos & Northern Texas Railway Company, was guilty of negligence which was the proximate cause of the injuries to appellant, it would be liable although the negligence of fellow servants may have concurred in producing the results. This is a rule too well settled, not only in Texas but all over the American Union, to require discussion. (Railway v. McClain, 80 Texas, 85; Railway v. Sweeney, 14 Texas Civ. App., 216; Railway v. Swinney (Texas Civ. App.), 78 S. W. Rep., 547; Stringham v. Stewart, 100 N. Y., 516; Railroad v. Cummings, 106 U. S., 700; Maupin v. Railway, 99 Fed. Rep., 49; McCoy v. Railway (Va.), 37 S. E. Rep., 788.) As said in the McClain case, first above cited: "This was a correct view of the law, for it is well settled that where the master is shown to be guilty of culpable negligence toward an employe he can not escape liability for his negligence in producing the injury by showing that another servant is also a joint tort-feasor with him, or is guilty of negligence that assisted the master in injuring his fellow servants."

The proximate cause of an injury is not necessarily the last cause, or the one nearest the injury, but such act, wanting in ordinary care, as actively aided or concurred in producing the result. An act may be a proximate cause without being the sole cause, the only requirement being that it is a concurring cause such as aided in producing the injuries. (Shippers Compress Co. v. Davidson (Texas Civ. App.), 80 S. W. Rep., 1032.) So in the present case, if it required the agency of the fellow servants of appellant and the Fort Worth & Denver City Railway Company to produce the result, or if both contributed thereto as concurrent forces, the presence or assistance of the act of the fellow servants will not exculpate the other agency, because it would still be

the efficient cause of the injury. In other words, if the negligence of the fellow servants would not have caused the injury without having been aided by negligence on the part of those operating the engine, the master of the operatives would be liable. And if the injuries would not have occurred but for negligence on the part of the Pecos & Northern Texas Railway Company, either in a failure to have the timber removed or in not keeping a watch for the engine, it would be liable—the liability of either or both of the railways depending always upon the nonexistence of contributory negligence on the part of appellant.

On the question of assumed risks, which is used throughout the charge of the court in the same connection with contributory negligence, it may be said that it is the well-settled rule that a servant assumes all the ordinary risks which are naturally and reasonably incidental to his employment. This rule is based on the presumption that a person who enters a certain service appreciates the dangers normally incident thereto, and by accepting such employment impliedly relieves his employer from responsibility for such injuries as may result from such risks, the consideration for such implied agreement being the wages he received. No risks, however, are the ordinary incidents of an employment which are caused by the negligent act or omission upon the part of the master, and the servant assumes the risk of injury only as to those matters which arise after the exercise of care and diligence on the part of the master. The servant does not assume risks arising from the negligence of the master. Applying these rules to the facts of this case and we do not think the question of assumed risk figures therein. The service engaged in was moving a heavy boiler along between two tracks. Leaving the timbers used for that purpose lying on one of the rails was not a risk ordinarily incident to the employment and could not have been assumed by the servant.

The questions presented are few and simple. If appellant, although free of fault on his part, was injured through the negligence of his fellow servants alone, he can not recover. If he was free from negligence, however, and was injured through the negligence of one or both of the railway companies, acting alone or concurrently with the negligence of the fellow servants of appellant, or with each other, then one or both would be liable as the case might be.

The brief in this case is full if reflections and strictures on the fairness and impartiality of the judge who tried this cause, and it is only through consideration for the rights of appellant, which might be jeopardized by the unauthorized conduct of his attorneys, that the briefs have not been stricken from the record in this case. Courts are organized for the enforcement of the laws and the dispensing of justice, and the presumption must prevail that they are engaged in complying with their duties, and no good end will ever be subserved by attacks upon them by those who are looked upon as officers thereof, either for the particular client represented or the general public. Appellate Courts have been organized to pass upon and review the actions of trial courts, and not to consider attacks by aggrieved counsel on the trial courts, and a due respect for the representative of justice on the trial bench, as well as for the higher court, should be sufficient to prevent attacks upon the fairness and integrity of the trial judge. Attacks of this

character can serve no good purpose, but tend to lower the high standing of the legal profession, to whom the judiciary must look for counsel, guidance and support, and to weaken the bonds of the law and create a disrespect for it and those chosen to dispense it.

The judgment will be reversed and cause remanded to be tried on the law herein enunciated.

*Reversed and remanded.*