## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LEWIS. (No. 1093–4996.)

Commission of Appeals of Texas, Section A.
May 2, 1928.

1. Appeal and error ⊜⇒978(3)—Where evidence leaves doubtful effect of improper conduct of jury on verdict, court will set verdict aside (Rev. St. 1925, art. 2234).

Where evidence taken by trial judge leaves it reasonably·doubtful as to effect of improper conduct of jury on amount of verdict, court will set verdict aside, under Rev. St. 1925, art. 2234.

2. New trial ⊜⇒44(3)—Where jury members discussed defendant's reported offer of compromise and matter of plaintiff's attorneys' fees, while some jurors favored amount less than verdict returned, defendant held entitled to new trial (Rev. St. 1925, art. 2234).

Where testimony of at least eight or nine jurors showed that jury member stated to other members that defendant railroad company had offered to pay $5,000 in compromise, and discussed matter that plaintiff had to pay his attorneys out of his recovery, while some members of jury were favoring amount less than $8,500, amount of verdict, defendant *held* entitled to new trial, under Rev. St. 1925, art. 2234.

3. Trial ⊜⇒304—Jury's discussion of defendant's reported compromise offer and plaintiff's attorneys' fees held calculated to injure defendant.

Discussion by jury of fact reported by member of jury that defendant railroad company had offered $5,000 in compromise and of fact that plaintiff would have to pay his attorneys out of his recovery *held*, as a matter of law, calculated to injure defendant railroad company.

Error to Court of· Civil Appeals of Sixth Supreme Judicial District.

Action by John Wesley Lewis against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (297 S. W. 896), and defendant brings error. Reversed and remanded to district court.

E. B. Perkins, of Dallas, J. A. Ward, of Mt. Pleasant, and King, Mahaffey & Wheeler, of Texarkana, for plaintiff in error.

C. E. Bryson, of Pittsburg, and J. H. Beavers, of Winnsboro, for defendant in error.

CRITZ, J. This suit was originally filed in· the district court of Camp county, Tex., by John Wesley Lewis, defendant in error, against St. Louis Southwestern Railway Company of Texas, the plaintiff in error, on account of personal injuries received by said Lewis as the result of a collision between an automobile in which he was riding and one of the railway company's passenger trains. Trial in the district court resulted in a verdict and judgment for Lewis for the sum of $8,500. The case was duly appealed by the railway company to the Court of Civil Appeals, which court affirmed the judgment of the district court. 297 S. W. .896. The case is now before this court on writ of error granted on application of the railway company.

By proper assignments of error the railway company complains of the action of the Court of Civil Appeals in holding that the trial court did not err in overruling the grounds of the railway company's motion for a new trial, complaining of the fact that, during its deliberations and while undertaking to determine the amount of damages to be awarded to Lewis, the jury discussed and considered attorney's fees, and also during said time some member or members of the jury stated to other members that the railway company had offered to pay $5,000 in compromise,. all of which occurred while some members of the jury were favoring an amount less than $8,500, the amount of the verdict.

We have carefully read the entire statement of facts in regard to the matters alleged in the motion for a new trial touching the misconduct of the jury in regard .to the discussion of attorney's fees and offer in compromise. According to the record, ten of the jurors were heard, eight of them testifying orally in open court, and two of them testified by affidavit. The affidavits, however, as far as the record shows, were offered and received without objection. The legal effect of the testimony of nine of the jurors is that the matter of attorney's fees and the alleged fact that the railway company had offered $5,000 to Lewis in compromise was mentioned and discussed by at least several members of the jury prior to the time that the jury agreed upon a verdict. The testimony of these nine jurors is such that the matters so mentioned and discussed were calculated to injure the railway company, and to influence the amount of the verdict. In fact, the matters mentioned and discussed were of a nature that we will presume, as a matter of law, they were calculated to injure, and did injure, the railway company.

The Court of Civil Appeals, in passing upon this question, holds that the juror King testified that these matters were not mentioned until after every one had agreed upon a verdict except one juror, and that this one· juror thought the verdict should be for $10,000, and agreed to $8,500 after these matters were mentioned, and that the trial court had the right to believe King's testimony, according to which no injury resulted to the railway company.

We have carefully read the testimony of the juror King, and we are of the opinion that the legal effect of his testimony is, as stated by him, "I didn't hear any remark

about a compromise or anything until after we got together." In our opinion, the juror King's testimony is to the effect that he did not hear these remarks until after the jury got together, with the exception of one juror. In other words, the legal effect of the testimony of King is not to contradict the testimony of the other jurors, but is to the effect that he did not hear the remarks until the time stated by him. To say the least of it, his testimony is susceptible of that construction.

[1] In H. & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, our Supreme Court, speaking through Judge Brown, lays down the rule of law which governs in cases involving the misconduct of the jury as follows:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside."

In Southern Traction Co. v. Wilson, 254 S. W. 1105, the Supreme Court, speaking through the Commission, in an opinion by Judge Powell, lays down the rule as follows:

"Applying the rule laid down by our Supreme Court in the Gray Case, the court itself will set aside a judgment and order a new trial, where all the evidence, considered as a whole, taken by the trial judge on a hearing of the motion for a new trial, leaves it reasonably doubtful to the Supreme Court as to whether or not the improper conduct of the jurors affected the amount of the verdict. The Supreme Court will not look to one portion of the evidence alone, or to another part alone. But it will and should consider the record as a whole upon the point in controversy."

In Moore v. Ivey, 277 S. W. 106, the Supreme Court, speaking through Judge Nickels of the Commission, lays down the rule as follows:

"If, upon a consideration of the whole of the pertinent record, it is reasonably doubtful whether or not the improper conduct affected the amount of the verdict or the decision of any other material issue, the verdict should be set aside by the trial judge; if, in such a case, a new trial is not granted, there is an abuse of discretion by the trial judge, and reversal becomes the duty of appellate courts."

The construction of present article 2234 of the Revised Civil Statutes of Texas 1925, as first announced in the Gray Case by the Supreme Court itself, speaking through Chief Justice Brown, and by this court, in the other two cases above quoted from, speaking through the Commission, and which has been announced in numerous other cases to the same effect by this court, is no longer an open question, but is the settled law of this state. See, also, San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Railway Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

[2, 3] It being shown by the testimony of at least eight or nine of the jurors that the matters of an offer in compromise and attorney's fees were mentioned and discussed by at least several members of the jury prior to the time that the jury had agreed upon the amount of the verdict, and the testimony of the juror King being reasonably susceptible of the legal construction that he is merely testifying that he did not hear such discussions until all the jury except one had agreed that the verdict should be for $8,500, and that this juror thought the verdict should be $10,000, a new trial should have been granted. It was certainly flagrantly wrong for the jury or any member thereof to mention or discuss the fact or report that the railway company had offered Lewis $5,000 in compromise, and it was also flagrantly wrong for the jury or any member thereof to mention or discuss the fact that Lewis had to pay his attorneys out of his recovery. The discussion of these matters is, as a matter of law, calculated to injure the railway company. Under this state of the record, the trial court should have granted a new trial.

In our opinion the other matters assigned in the application for writ of error were correctly disposed of by the Court of Civil Appeals.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to the district court for a new trial.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.