## WICHITA FALLS & S. RY. CO. v. HAMILTON.

### No. 1039.

Court of Civil Appeals of Texas. Waco.
March 26, 1931.

Chandler & Keith, of Stephenville, for appellant.

Oxford & McMillan, of Stephenville, for appellee.

BAROUS, J.

This suit was instituted by appellee against appellant to recover damages for personal injuries received by him as well as damages to his automobile which were received in a collision between his automobile and a moving train. The record shows that the train crew of appellant came into Dublin with twenty-four cars of freight; that it was necessary for them to do some switching to transfer some of said cars to another railroad; that, in doing said switching, the train crew hooked two oil cars and one box car on the front of the engine, and pushed same ahead of it; that, as said cars were being pushed across a street in Dublin, the front car struck appellee's automobile and caused the alleged damages. The collision occurred about 9:30 at night.

The cause was tried to a jury and submitted on a number of special issues. The jury found that it was negligence for appellant to push the box car and oil tanks in front of the headlights on the engine; that it was negligence for appellant to fail to have a brakeman or flagman on the front end of said oil tanks to signal or warn appellee of the approaching train; that it was negligence for appellant to fail to have a flagman at the street crossing where the collision occurred, and found that each of said acts was a proximate cause of the injury. The jury further found that appellee did not fail to keep a proper lookout at the time he attempted to cross the railroad track; that he did not fail to listen for the approach of the train or for the signals given; that he did not fail to slacken his speed sufficiently to enable him to look for the approaching train; that he was not guilty of negligence in failing to stop his car before he attempted to cross the track; that he was not driving his car at a negligent rate of speed at the time he crossed the railroad track, and further found that the collision was not an unavoidable accident.

Appellant submitted to the trial court and requested that it give same a correct definition of the words "proper lookout" as used in the issue which asked whether appellee failed to keep a proper lookout for the approaching train. The trial court refused to submit the tendered definition or any other definition of "proper lookout," and appellant assigns error. We sustain this assignment. Article 2189 of the Revised Statutes requires the trial court, in submitting special issues, to submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. The Court of Civil Appeals in Northern Texas Traction Co. v. Jenkins, 266 S. W. 175 (error dis.), a case very similar to this, specifically held that it was error for the trial court to refuse to define the term "a proper lookout." The above-quoted authority was cited with approval by the Commission of Appeals in Robertson & Mueller v. Holden, 1 S.W.(2d) 570, when it held that it was error for the trial court to refuse to define the words "new independent cause," and was again cited with approval by the Court of Civil Appeals in Eastern Texas Electric Co. v. Rhymes, 1 S.W.(2d) 688 (error dis.), where it was held that it was error for the trial court to refuse to define the term "emergency."

For the error stated, the judgment of the trial court is reversed, and the cause remanded.