### FRANCE et ux. v. GRAVES.
### No. 8783.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Carter & Stiernberg, of Harlingen, for appellants.

Greenwood & Lewis, of Harlingen, for appellee.

SMITH, J.

E. G. Graves brought this action against N. H. France and wife, Laura France, to recover damages for personal injuries and damages to property alleged to have been sustained by Graves in a collision between his automobile and that of the Frances, on the highway between San Benito and Brownsville. Mrs. France, accompanied by her husband and a Mrs. Bull, was driving the France car, while Graves, traveling alone, was driving his own car. Graves recovered judgment for $5 for personal injuries and $430 for damages to his car. The Frances have appealed.

Appellee pleaded several grounds of negligence against appellants, who in turn pleaded several grounds of contributory negligence against appellee. The court separately submitted to the jury each of the several grounds of negligence upon which appellee sought recovery, but submitted in one general issue the several grounds of negligence upon which appellants defended the case, refusing proper requests for a separate submission of those grounds. The rule of separate submission of each distinct issue raised in a case is intended to work both ways. Issues of defenses are just as vital to the rights of defendant as issues of liability are to the plaintiff, and both should, of course, be submitted with equal fairness and distinctness. And when, as in this case, the trial court refuses to separately submit properly raised and requested defensive issues, or where the failure or refusal to so submit them is timely excepted to, an appellate court has no alternative but to reverse. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Ft. Worth & D. C. R. Co. v. Morrow (Tex. Civ. App.) 235 S. W. 664; Panhandle & S. F. R. Co. v. Miller (Tex. Civ. App.) 44 S.W.(2d) 790, and authorities there cited.

Under recent decisions, it seems the court also erred in failing or refusing to define the terms "ordinary care," "proper lookout," and "new independent cause," used in the charge to the jury. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Blanch v. Villiva (Tex. Civ. App.) 22 S.W.(2d) 490; Wichita Falls & S. R. Co. v. Hamilton (Tex. Civ. App.) 37 S.W.(2d) 755; Cleburne Electric & Gas Co. v. McCoy (Tex. Civ. App.) 149 S. W. 534. The decisions have gone so far in requiring trial courts to define terms used by them in jury instructions that it is becoming increasingly difficult for a trial judge to submit even an ordinarily simple case upon special issues without committing reversible error. We think more presumptions should be indulged in favor of the common sense of jurors, who, if possessed with the least intelligence, ought not to be misled by such simple expressions as "ordinary care," "proper lookout," and the like. Jurors of average intelligence are, in our opinion, much more likely to be confused, than informed, by gratuitous technical legal definitions of such common phrases. But we feel obliged to yield to superior authority in such matters.

Numerous other questions are raised in the appeal, but, in view of another trial, need not be discussed or decided here.

For the reasons stated, the judgment is reversed, and the cause remanded.