## SCHWARZ v. SPRINKLE.
### No. 8961.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 21, 1932.

Carter & Stiernberg, of Harlingen, for appellant.

S. L. Gill and O. N. McNeil, both of Raymondville, for appellee.

SMITH, J.

As a result of a collision of their motor vehicles on a highway in Willacy county, E. F. Schwarz and F. L. Sprinkle sued each other for damages, one by direct and the other by cross action. As usual in such cases, each party accused the other of operating his car on the wrong side of the roadway, as well as of other acts of negligence, and charged that such acts caused the accident. A jury found against Schwarz, who has appealed.

Schwarz pleaded Sprinkle's negligence in four separate acts, and supported the pleading with material evidence. In answer to special issues the jury found: (1) That the "collision was not the result of an unavoidable accident"; (2) that appellee was "operating his truck on his right side of the highway at the time and place of the accident"; (3) that appellant was "operating his car on his left side of the highway." The jury thereupon answered "defendant" to these two issues:

"Special Issue No. 4. Who do you find, from a preponderance of the evidence, was not at the time and place of this collision operating his car or truck in a careful and prudent manner, if either?

"Special Issue No. 5. Was either plaintiff or defendant negligent in the operating of his car at the time and place of this collision? If so, name which one, plaintiff or defendant."

No other issues were submitted except as to the amount of damages.

The issue of proximate cause was not sub-

mitted to the jury, and appellant's request for such submission was refused by the court.

It will be observed that the court submitted the issues of negligence in one general question, although appellant pleaded four separate and specific acts of negligence against appellee. The court submitted none of those acts, except that of driving upon the wrong side of the roadway. Appellant objected to this character of submission and timely requested that the other three acts charged be submitted, but the court refused. Under the testimony the jury could have found against appellee upon either or all of those issues, and, so finding, could have further found that such negligence proximately caused the collision, in which event appellee could not have recovered. In such situation, under positive current decisions of our Supreme Court, the action of the trial court in submitting all questions of negligence in one issue and in refusing to submit specific acts of negligence alleged, and in rendering judgment in the absence of a finding of proximate cause, was reversible error. International-Great Northern R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; Kansas City, M. & O. R. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111, 114; France v. Graves (Tex. Civ. App.) 48 S.W.(2d) 438, and authorities there cited; Southern Iron & Mach. Co. v. Portugal (Tex. Civ. App.) 53 S.W.(2d) 685.

Reversed and remanded.