## CITY OF WICHITA FALLS v. PHILLIPS.

### No. 13186.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 13, 1935.

Rehearing Denied Nov. 8, 1935.

W. E. George and Thelbert Martin, both of Wichita Falls, and Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for appellant.

Heyser & Hicks and Bunnenberg & Shell, all of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

This appeal is by the city of Wichita Falls, Tex., from a judgment in favor of C. H. Phillips for personal injuries sustained by him as the result of a fall from an automobile truck owned and operated by the city.

The city undertook the work of cutting weeds, cleaning culverts in and along its public streets within its corporate limits, and to that end furnished a motortruck driven by one of its employees for the pur-pose of hauling the workmen to and from the places where that work was to be done. The plaintiff, Phillips, and other workmen applied to the Federal Reconstruction Finance Corporation for aid. Mrs. R. P. Willis was the appointed agent of the Texas Relief Commission and the applications for relief were made to her. She referred plaintiff and other applicants to the city for employment. The city then employed them to do the work above mentioned. Representatives of the city would issue to each of the employees a ticket which would be presented to Mrs. Willis and the same would be paid in groceries furnished by the government. From this arrangement the city got the benefit of the work without charge, and solely at the government's expense.

The trial was before a jury, and in answer to special issues the jury found that at the time and place of plaintiff's injury the motortruck was being driven at a speed in excess of 20 miles an hour; that the brakes on the truck were faulty, insufficient, and inadequate; that the driver did not keep a proper lookout for the coming and approaching traffic along the street where the accident occurred; and that in each of these particulars the defendant was guilty of negligence, which was a proximate cause of plaintiff's injury.

It is insisted that J. L. Browning, the driver of the truck, was a fellow-servant with the plaintiff, and therefore the defendant was not liable for his negligence; and based on that contention, it is insisted that the court erred in failing to give defendant's request for an instructed verdict in its favor.

Since the defense of fellow-servant was not urged in defendant's pleading nor a request made for a submission of that issue to the jury, this assignment must be overruled, independently of the issue whether or not the relation of fellow-servant did in fact exist. Article 2190, R. C. S. of 1925 (as amended by Acts 1931, c. 78, § 1 [Vernon's Ann. Civ. St. art. 2190]); Ray v. Pecos & N. T. Ry. Co., 40 Tex. Civ. App. 99, 88 S. W. 466; Thurber Brick Co. v. Matthews (Tex. Civ. App.) 180 S. W. 1189; San Antonio Traction Co. v. Emerson (Tex. Civ. App.) 152 S. W. 468, and decisions there cited.

It was shown by uncontroverted testimony of George Dobson, superintendent

of the city's streets, that the city owned the truck in question; that J. O. Browning, the driver, was regularly employed by the city to drive the truck; that under the direction of Dobson, Browning was engaged in taking the workmen to and from their places of work, which was done on the streets of the city, within its corporate limits; that the city furnished all the tools for the work.

Mrs. Willis testified without contradiction that she was employed by the Texas Relief Commission as case supervisor to determine the persons to whom relief should be given; that the federal government did not pay the city any compensation for transporting the workmen from place to place, or employ any one for that service, but that matter was left entirely with the city.

■ Under the facts recited, we conclude that the work of cleaning the streets was not the performance of a governmental function as insisted by appellant, but that it was for the benefit of the city and its inhabitants and not for the public at large, and therefore the doctrine of respondeat superior is applicable. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; City of Fort Worth v. Crawford, 64 Tex. 202, 53 Am. Rep. 753; Ostrom v. City of San Antonio, 94 Tex. 523 62 S. W. 909; City of Waco v. Branch; 117 Tex. 394, 5 S.W.(2d) 498, and authorities there cited; 30 Tex. Jur., par. 289, p. 523.

Appellant cites 6 McQuillin on Municipal Corporations (2d Ed.) § 2623, p. 447, in which the doctrine is announced that charitable or eleemosynary institutions conducted by a municipality are not liable for personal injuries caused by the negligence or wrongdoing of their agents or servants in the absence of negligence in the selection of such agents or servants. But that doctrine is not applicable here, since the city was not distributing charity to the plaintiff, even though the federal government was administering aid in the manner of charity in compensating plaintiff for his work by furnishing him with necessary supplies.

Further complaint is made of the court's refusal to give to the jury an instruction as to what is meant by the term "proper lookout" for approaching and coming traffic along the streets, which was one of the issues of negligence presented in plaintiff's pleadings.

In support of that assignment, appellant has cited four cases in which it has been held that it is reversible error for the court to refuse to define the term "proper lookout" in cases of this character, to wit: Wichita Falls & S. Ry. Co. v. Hamilton, 37 S.W.(2d) 755, by the Waco Court of Civil Appeals; France v. Graves, 48 S.W.(2d) 438, by the San Antonio Court of Civil Appeals; Northern Texas Traction Co. v. Jenkins, 266 S. W. 175, by the Austin Court of Civil Appeals; Fort Worth & D. C. Ry. Co. v. Rogers, 62 S.W.(2d) 151, by the El Paso Court of Civil Appeals. And in that connection appellant also cites two cases by the Amarillo Court of Civil Appeals announcing a contrary ruling, to wit: Ray v. Moxon, 56 S.W.(2d) 469; Commercial Standard Ins. Co. v. Shudde, 76 S.W.(2d) 561.

We deem it unnecessary to determine the merits of this assignment, since the two other findings of negligence, as a proximate cause of injury, were sufficient, of themselves, to support the judgment, at all events. Therefore, even if it be said that the refusal of the court to define "proper lookout" was error, it would be no ground for the reversal of the judgment. West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W.(2d) 199; Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439; Ward v. Cathey (Tex. Civ. App.) 210 S. W. 289; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 817; Commercial Standard Ins. Co. v. Shudde (Tex. Civ. App.) 76 S.W.(2d) 561.

■ According to the testimony offered by the plaintiff, he was thrown from the truck as the result of its sudden turning in order to avoid a collision with other traffic, and his testimony in connection with the testimony of several other witnesses was sufficient to support the finding of the jury on all the issues of negligence submitted to them, and likewise sufficient to support their further findings exonerating plaintiff from the charges of contributory negligence, which were pleaded by the defendant in defense to this suit.

In special issue No. 2 the court submitted the question whether or not the driving of the truck at a speed in excess of 20 miles an hour was negligence. Issue No. 3 was an inquiry as to whether or not the brakes on the truck were faulty, insufficient, and inadequate. Issue No. 8 was whether or not the negligence of the driver of the truck to keep a proper look-

out was a proximate cause of the injury to plaintiff. Each and all of those issues were answered in the affirmative.

Special Issue No. 9 reads as follows:

"If you have answered Special Issues Nos. 2, 3 and 8 no, you need not answer special issue No. 9; but if you have answered either of such special issues yes, then you shall answer special issue No. 9:

"What amount of money, if paid now, in cash, would reasonably compensate the plaintiff for his injury, if any, received, as a proximate result of the negligence, if any, of the defendant, its servants or its employees? Answer as you find the facts to be.

"Answer: $4000.00."

As a part of the same issue there were further instructions given as to what the jury might take into consideration in estimating the damages to be awarded the plaintiff.

Error has been assigned to that instruction preliminary to issue No. 9, and in support thereof the opinion of Justice Critz, in Volker Grasso v. Cannon Ball Motor Freight Lines (Tex. Com. App.) 81 S.W.(2d) 482, 487, is cited. In that case it was held that a preliminary instruction, similar to the one quoted above, which preceded the issue of damages, was reversible error using this language: "Such an instruction clearly told the jury that they must find the defendant guilty of negligence, and the plaintiff not guilty of contributory negligence, in order for the plaintiff to recover. Such a charge is undoubtedly in violation of our special issue statutes. It was a general charge, and informed the jury of the result of all of their answers. On another trial the issue of damages should be submitted without the above-quoted preliminary instruction."

In that case it appears from the opinion of the Court of Civil Appeals, 59 S.W.(2d) 337, that objection was made in the trial court to the submission of that issue on the ground that it was a general charge and operated to inform the jury of the legal effect of their answer. The same is true of other cases cited in those opinions. But in this suit the defendant did not object to the preliminary instruction given by the court in submitting issue No. 9, nor was that objection urged as one of the grounds in defendant's motion for new trial. Hence, it is in no position to complain of that ruling here in this court for the first time.

By article 2185, Rev. Civ. St., it is provided that after the court's charge is prepared and submitted to the respective parties for inspection and reasonable time given to examine and present objections thereto, all objections not so made and presented shall be considered as waived. Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1034; Thomas v. Corbett (Tex. Civ. App.) 211 S. W. 806; Ochoa v. Edwards (Tex. Civ. App.) 189 S. W. 1022, 1027; McLaughlin v. Terrell Bros. (Tex. Civ. App.) 179 S. W. 932; Missouri, K. & T. Ry. Co. v. Smith (Tex. Civ. App.) 172 S. W. 750. Nor do we believe that the erroneous instruction now being considered was of such a nature as to constitute fundamental error and therefore require a reversal.

The issues of negligence were submitted in the form of questions without embodying therein any instruction implying that the burden was on the plaintiff to sustain the affirmative of those issues, in the form suggested by the Commission of Appeals in Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214, as "the least objectionable method of procedure." But neither in that decision nor any other we have found has it been held that the old method of charging on the burden of proof, which was followed in this case, would be error. And we do not believe that such could be said of the instruction in question. Indeed, we are unable to perceive how it can be said that it was calculated to confuse the jury as to the meaning intended.

For the reasons noted, the judgment of the trial court is affirmed.

## On Motion for Rehearing.

Appellant insists that we erred in overruling its assignment of error to the refusal of the trial court to instruct the jury, as requested by the defendant, that the term "proper lookout," as used in special issues, meant such a lookout as a person of ordinary prudence in plaintiff's situation would have kept under the same circumstances. That contention is made with special reference to the court's failure to give that definition in connection with special issues submitted presenting the defense of contributory negligence on the part of plaintiff.

As pointed out in our original opinion, the jury found that at the time and place

of plaintiff's injury the defendant's motortruck was being driven at a speed in excess of 20 miles an hour; that the brakes on the truck were faulty, insufficient, and inadequate; that the driver did not keep a proper lookout for the approaching traffic along the street where the accident occurred; and that in each of these particulars the defendant was guilty of negligence which was a proximate cause of plaintiff's injury.

In the first place, the failure, if any, of plaintiff to keep a lookout ahead could have no possible connection with the driving of the truck with faulty brakes. In the second place, no testimony is pointed out tending to show that the driver would have driven the truck at a slower rate of speed than it was driven if plaintiff had requested him so to do. Furthermore, according to appellant's pleadings and the testimony introduced by it, which was uncontroverted, plaintiff was thrown from the truck as the result of its sudden swerving to the left in order to avoid collision with a car ahead, for which, according to the jury's findings, the driver, who was in exclusive charge of the truck, did not keep a proper lookout. Appellant has not pointed out any testimony tending to show that a person of ordinary prudence in plaintiff's situation would have kept a lookout ahead and could and would have anticipated the danger of making a sudden turn to miss traffic ahead and could and would then have given some timely warning to the truck driver which would have caused him to desist from making such a turn. Hence, there was no proper basis for the submission of the issue of plaintiff's contributory negligence with respect to keeping a lookout for dangers, such as the one which resulted in his injury.

And as pointed out in our original opinion, the error, if any, in failing to define "proper lookout" as applied to the driver of the truck would not be ground for reversal, in view of the finding of negligence in two other particulars, each of which was a proximate cause of plaintiff's injury.

We adhere to our former conclusions that appellant is in no position to invoke the doctrine of negligence of a fellow-servant, since it did not in its pleadings urge that defense. If, as urged by appellant, the facts pleaded by the plaintiff showed that plaintiff and the driver of the truck, were fellow-servants, we do not believe that that fact would furnish any excuse for the defendant's failure to present that defense in its pleadings if it intended to rely thereupon, which it could have done by merely referring to the facts pleaded by the plaintiff as a basis therefor without assuming the burden of alleging and proving the same facts. For illustration, allegations in plaintiff's petition may show that the action is barred by limitation, yet, unless that defense is raised either by exception or by plea, it is waived.

The motion for rehearing is overruled.