## LANDER v. JORDAN.

### No. 9613.

Court of Civil Appeals of Texas. San Antonio.

Nov. 6, 1935.

Rehearing Denied Dec. 4, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, and Moursund, Moursund & Bergstrom, of San Antonio, for appellant.

J. W. Ragsdale, Crain & Vandenberge, and John G. Stofer, all of Victoria, for appellee.

MURRAY, Justice.

This is the second appeal of this cause. The opinion on the first appeal is found in (Tex.Civ.App.) 59 S.W.(2d) 959, 960.

Appellee, Royal G. Jordan, instituted this suit against Dr. J. H. Lander seeking to recover damages alleged to have been sustained by appellee as a result of personal injuries received by him when Dr. Lander backed his automobile against and upon him.

The case was tried to a jury and resulted in findings favorable to Jordan. Upon these findings the trial judge rendered judgment in appellee's favor and against appellant, Dr. Lander, in the sum of $25,000 and court costs.

From this judgment, Dr. Lander has prosecuted this appeal.

■ Appellant complains that in submitting the issue of contributory negligence the court used the legal term "proper lookout" without defining the same. The Courts of Civil Appeals seem to be in conflict on whether or not "proper lookout" is such a legal term as must be defined. The following cases hold that the term "proper lookout" must be defined: France v. Graves (Tex.Civ.App.) 48 S.W.(2d) 438; Ft. Worth & Denver City Ry. Co. v. Rogers (Tex.Civ.App.) 62 S.W.(2d) 151; Wichita Falls & Southern Ry. Co. v. Hamilton (Tex.Civ.App.) 37 S.W.(2d) 755; Northern Texas Traction Co. v. Jenkins (Tex.Civ.App.) 266 S.W. 175. While the following cases hold that it is not reversible error to refuse to define such term: Ray v. Moxon (Tex.Civ.App.) 56 S.W.(2d) 469; Commercial Standard Ins. Co. v. Shudde (Tex.Civ.App.) 76 S.W.(2d) 561 (writ granted).

This court committed itself in the France v. Graves Case to the doctrine that the term of "proper lookout" should be defined and we now see no good reason to change that holding.

■ In view of another trial of this cause, we wish to suggest that if the issue had been framed in the following language, no definition would have been necessary: Do you find from a preponderance of the evidence that the plaintiff, at the time of or just prior to the injury, failed to keep such a lookout for his own safety as a person of ordinary care would have kept under the same or similar circumstances?

■ Appellant next complains that the jury were guilty of misconduct requiring a reversal of this cause. It is shown that after the jury had retired they were not in accord as to just how the accident occurred, and especially as to how the premises were located where the injury occurred. A map had been drawn by Dr. Lander and offered in evidence, and some one suggested that they send and get this map. Whereupon the foreman of the jury, Dennis Adler, said that he had been at the scene of the accident many times and that he could draw a map of the premises. Then he proceeded to draw a map of the scene of the accident. Two other jurors stated that they were well acquainted with the location and that the foreman's map was correct. Adler stated that the map in evidence was not accurate, that the one he drew was accurate, and that he was drawing it from his own knowledge and experience out there. The matter the jury was considering at the time this occurred was the alleged contributory negligence of the appellee in stooping down to unlace his shoe and remove a piece of shell therefrom. The accident occurred at or near a fish house situated on Fisher's wharf. The wharf is connected with one of the streets of Port Lavaca by means of a one-way bridge or driveway which spans an inlet to the bay, or harbor, at Port Lavaca. The accident occurred while Dr. Lander was backing his car so that he might turn around and go back to Port Lavaca and while appellee, Jordan, was stooping down in the rear of the car for the purpose of removing a piece of shell from his shoe. Appellant's contention was that Jordan was guilty of contributory negligence in stopping and unlacing his shoe in the path in which the car would necessarily have to be backed. Some of the jurors seem to have been of the opinion that the space into which Dr. Lander was backing was narrow, and others seemed to think it was wide. In other words it seems that the jury were of the opinion that if the path was narrow, that Jordan was guilty of

negligence in stopping in a narrow path to unlace his shoe, but if the path was wide, he would not be guilty of negligence.

After the map was drawn by the foreman from his knowledge of Fisher's wharf, and after the correctness of the map was vouched for by two jurors who had personal knowledge of the surroundings, the jurors all then agreed that Jordan was not guilty of contributory negligence. We conclude this was misconduct of the jury requiring a reversal of this cause. Tex. & P. Ry. Co. v. Van Zandt (Tex.Com.App.) 44 S.W.(2d) 950; St. Louis S. W. Ry. Co. of Tex. v. Lewis (Tex.Com.App.) 5 S.W.(2d) 765; Moore v. Ivey (Tex.Com.App.) 277 S.W. 106; Lincoln v. Stone (Tex.Com.App.) 59 S.W.(2d) 100; Casstevens v. Tex. & P. Ry. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A.L.R. 89; Cheslick v. Lee Moor Contracting Co. (Tex.Civ.App.) 70 S.W.(2d) 222; T. & N. O. v. Ewing (Tex. Civ.App.) 46 S.W.(2d) 398; T. &. P. Ry. Co. v. Gillette (Tex.Com.App.) 83 S.W. (2d) 307; Williams v. Rodocker (Tex.Civ. App.) 84 S.W.(2d) 556.

It is true that two of the jurors swore at the hearing of the motion for a new trial that they did not recall the incident of the drawing of the map, but they did not undertake to dispute the uncontradicted evidence of the other jurors that the map was drawn under the circumstances above related. There is also evidence that the map drawn by the foreman and the map offered in evidence were very similar maps. However, the map drawn by the foreman could not be produced so that it might be compared with the map in evidence. There is also evidence that the map was drawn to show where Dr. Lander's car was parked.

Regardless of this testimony, we conclude the evidence is conclusive that the misconduct did occur and the record rather affirmatively shows that one or more of the jurors was influenced thereby rather than that no harmful effect was produced by the misconduct.

Appellant further assigns as error the conduct of the jury in discussing attorney's fees and insurance. We will not attempt, in view of our rulings already made herein, to fully discuss these matters further than to say that the discussion of attorney's fees by the jury during their deliberations was error. St. Louis S. W. Ry. of Tex. v. Lewis (Tex.Com.App.) 5 S.W.(2d) 765; T. & P. Ry. Co. v. Van Zandt (Tex.Com.App.) 44 S.W.(2d) 950.

Accordingly, the judgment of the trial court will be reversed and this cause remanded for a new trial.

Reversed and remanded.